The STATE of Ohio, Appellee,

v.

SEXTON; Tallerico Bonding Company, Appellant.

[Cite as *State v. Sexton* (1999), 132 Ohio App.3d 791.]

Court of Appeals of Ohio,
Fourth District, Lawrence County.

No. 98CA26.

Decided March 23, 1999.

*Robert C. Anderson,* Lawrence County Assistant Prosecuting Attorney, for appellee.

*Michael H. Mearan,* for appellant Tallerico Bonding Company.

Kline, Presiding Judge.

Tallerico Bonding Company appeals the Lawrence County Municipal Court's judgment ordering forfeiture of a $10,000 appearance bond posted on behalf of the defendant, John Sexton. Tallerico argues that because it acted in good faith, and because Sexton's incarceration in South Carolina makes it impossible for Tallerico to produce Sexton in Lawrence County, Tallerico's liability on Sexton's bond should be suspended until Sexton is released from South Carolina. We disagree, because Sexton voluntarily left Ohio and entered South Carolina. Accordingly, we affirm the judgment of the trial court.

I

The parties do not dispute the facts relevant to this appeal. On January 30, 1998, John Sexton appeared before the Lawrence County Municipal Court for arraignment on a charge of passing a bad check in the amount of $19,931.83, in violation of R.C. 2913.11. The trial court set a $10,000 recognizance bond, conditioned upon Sexton (1) appearing for a preliminary hearing on February 6, 1998, and (2) not departing without leave. Sexton posted a surety bond through Tallerico Bonding Company in the amount of $10,000.

At Sexton's request, the trial court continued the preliminary hearing to February 23, 1998. However, on February 23, 1998, Sexton was incarcerated in West Virginia, and therefore he failed to appear. The trial court issued a warrant for Sexton's arrest and scheduled a bond forfeiture hearing for March 23, 1998.

West Virginia released Sexton from jail on February 26, 1998. His whereabouts after his release are unknown; however, it is undisputed that Tallerico made diligent efforts to locate Sexton and return him to Ohio. The trial court continued the bond forfeiture hearing several times, including on May 22, 1998, when the court received notice that Sexton was incarcerated in South Carolina. At the bond forfeiture hearing on June 22, 1998, Tallerico notified the court that Sexton still was incarcerated in South Carolina.

On June 24, 1998, the trial court issued a judgment entry, finding that Sexton had willfully absented himself from the state of Ohio, and that the state of Ohio had sought but been unable to secure his return for prosecution. The trial court ordered that Tallerico forfeit the $10,000 bond. Tallerico timely filed this appeal.

Tallerico did not set forth a specific assignment of error as required by App.R. 16(A). However, in its argument, Tallerico clearly presents one issue for our review, which we will address in the interests of justice. Tallerico asserts that the trial court erred by ordering Tallerico to forfeit bond because its performance

under the bond was rendered impossible by an unforeseeable operation of law, and requests this court to suspend its liability on the bond until Sexton is released from his present incarceration in South Carolina.

## II

Tallerico asserts that the trial court erred in ordering it to forfeit the bond based upon the authority of *State v. Scherer* (1995), 108 Ohio App.3d 586, 671 N.E.2d 545. The *Scherer* court held that a surety bond is a contract, and that a surety can be released from performance of that contract if (1) performance under the bond has been rendered impossible by operation of law, and (2) that impossibility was not foreseeable to the surety. *Scherer* at 592, 671 N.E.2d at 548–549. Tallerico asserts that its performance in this case was rendered impossible by an unforeseeable operation of law, specifically by Sexton's incarceration in another state. The state contends that Tallerico misinterprets *Scherer* by ignoring the second element required for release, unforeseeability.

In *Scherer*, a surety company posted a $5,000 bond for a defendant accused of passing bad checks. As a condition of his release on bond, the court ordered the defendant to maintain his residence in Buffalo, Kentucky, and not to move from there without giving prior notice to the court's probation department. The defendant appeared for his hearing and pled guilty. The court scheduled a sentencing hearing and continued his bond. The defendant failed to appear for sentencing, as he was incarcerated in Kentucky for violating his Kentucky probation by passing bad checks in Ohio. Kentucky refused to return the defendant to Ohio. The trial court ordered forfeiture, and the surety appealed.

On appeal, the *Scherer* court reasoned that a surety bond is a contract that is subject to the rules governing the performance of contracts, including those regarding impossibility of performance. *Scherer* at 591, 671 N.E.2d at 548. Further, the court reasoned that when a defendant is incarcerated in another jurisdiction, the defendant's appearance is forbidden by law and therefore is impossible. *Id.* The court went on to note, however, that the risk that a defendant might flee the jurisdiction in which he is accused is always foreseeable. *Id.* Therefore, when a defendant released on bond becomes incarcerated in another jurisdiction, "a surety who seeks to avoid the penalty must demonstrate that the defendant's incarceration was not foreseeable to the surety or preventable by it." *Id.*

The *Scherer* court distinguished the cases of *Taylor v. Taintor* (1872), 83 U.S.(16 Wall.) 366, 21 L.Ed. 287, and *State v. Hughes* (1986), 27 Ohio St.3d 19, 27 OBR 437, 501 N.E.2d 622. In those cases, the defendant became incarcerated in another jurisdiction as a result of voluntarily absenting himself from the state in which he was to appear. The courts ordered the sureties in those cases to forfeit

the bonds they had posted. See *Taylor* at 372–73, 21 L.Ed. at 290–291; *Hughes* at 21, 501 N.E.2d at 624.

The *Scherer* court reasoned that "[i]n each of those cases the surety was negligent in failing to prevent the defendant's flight." *Scherer* at 594, 671 N.E.2d 545. In the *Scherer* case, in contrast, the trial court ordered the defendant to reside in Kentucky. *Id.* at 594–595, 671 N.E.2d at 550–551. Therefore, the defendant's subsequent incarceration in Kentucky did not proximately result from negligence of the surety in failing to prevent the defendant from leaving Ohio. *Id.* at 594, 671 N.E.2d at 550. Therefore, the *Scherer* court suspended liability on the bond pending the defendant's release from imprisonment in Kentucky. *Id.* at 595, 671 N.E.2d at 550–551.

Upon consideration, we find that the trial court did not err in ordering Tallerico to forfeit bond in this case. This case is distinguishable from *Scherer* in that the trial court did not order Sexton to leave the state of Ohio. In fact, Sexton's recognizance specifically states that Sexton shall "abide by the judgment of the court, and not depart without leave." Sexton voluntarily fled the jurisdiction of the Lawrence County Municipal Court. The flight of a defendant is a business risk that a surety assumes. See *Scherer*, 108 Ohio App.3d at 593–594, 671 N.E.2d at 549–550. Therefore, we find that the trial court did not err in ordering Tallerico to forfeit bond.

Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed.*

HARSHA, J., concurs.

PETER B. ABELE, J., dissents.

PETER B. ABELE, J., dissenting.

I respectfully dissent. I believe that the bonding company's inability to return Defendant Sexton to Ohio emanates from the defendant's incarceration in South Carolina. Consequently, at this stage of the proceedings I believe that good cause exists to excuse the bonding company's failure to produce the defendant.