[Cite as *State v. Berry*, 2014-Ohio-2715.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-11-084 |
| | : | O P I N I O N |
| - vs - | | 6/23/2014 |
| | : | |
| LUCKY L. BERRY, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case Nos. 13 CRA 0852, 12 CRB 5990, & 13 CRB 2639


D. Vincent Faris, Clermont County Prosecuting Attorney, Darren D. Miller, 101 East Main Street, Batavia, Ohio 45103, for plaintiff-appellee

Lucky L. Berry, c/o Boone County Jail, P.O. Box 898, Burlington, KY 41005, defendant, pro se

James W. Skogstrom, 2 West Columbia Street, Suite 200, P.O. Box 1404, Springfield, Ohio 45501, for movant/appellant, Accredited Surety and Casualty Co., Inc.

Rob Stevenson/U.S. Bail Bonds, Inc., 3971 Hoover Road, Suite 49, Grove City, Ohio 43123


**HENDRICKSON, P.J.**

{¶ 1} Appellant, Accredited Surety and Casualty Company, Inc., appeals from decisions of the Clermont County Municipal Court denying its motion for relief from judgment and motion for release from its bond. For the reasons discussed below, we affirm.

{¶ 2} On May 24, 2013, Lucky L. Berry was arrested in Clermont County, Ohio. On June 1, Robert Stevenson, a former agent of appellant, executed a $10,000 surety bond to secure Berry's release. On June 3, Berry was found guilty of several charges, and his sentencing hearing was set for June 24. The $10,000 bond was continued until the sentencing hearing on the conditions that Berry report at least weekly for a toxicology screening and return to court as ordered for sentencing.

{¶ 3} Berry did not appear for his scheduled toxicology screening on June 13, and the trial court issued a warrant for his arrest. When Berry failed to appear at his sentencing hearing on June 24, the trial court issued an entry forfeiting bail and directing the clerk to send notice to Berry and his surety of a show cause hearing. The "Notice of Hearing to Show Cause Pursuant to O.R.C. 2937.36 Bond Forfeiture" indicated the hearing was scheduled for August 12, 2013, and was sent by certified mail to Berry and Stevenson in Ohio, and to appellant's home office in Orlando, Florida.

{¶ 4} Berry, Stevenson, and appellant all failed to appear at the show cause hearing, and the trial court entered judgment against them, jointly and severally, in the amount of $10,000. Less than a month later, in September 2013, appellant moved for relief from judgment under Civ.R. 60(B). In October of that same year, appellant discovered that Berry was incarcerated in Kentucky, and it filed a "Motion to Release, Discharge, and Exonerate Surety" arguing impossibility of performance. Both motions were denied by the trial court in entries without accompanying opinions. Appellant now appeals, raising two assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION FOR RELEASE FROM THE BOND.

{¶ 7} In its first assignment of error, appellant argues that the trial court improperly

- 2 -

denied its motion for release from the bond. Appellant contends that Berry, the criminal defendant, was unable to appear at the August 12, 2013 show cause hearing because he was incarcerated in Kentucky, and appellant therefore should have been released from the bond due to impossibility of performance. Appellant asserts that advising the trial court of Berry's incarceration constituted good cause as to why Berry was not brought before the court.

{¶ 8} We review the trial court's denial of the motion for release from bond for an abuse of discretion. *State v. Lee*, 9th Dist. Lorain No. 11CA010083, 2012-Ohio-4329, ¶ 9; *State v. Kondush*, 8th Dist. No. 95526, 2011-Ohio-1963, ¶ 19. "An abuse of discretion is more than an error of law or judgment; it implies a decision is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 9} The purpose of bail is to ensure the accused's presence in court at all stages of the proceedings. *State v. Crosby*, 12th Dist. Clermont No. CA2009-01-001, 2009-Ohio-4936, ¶ 23, citing *State v. Hughes*, 27 Ohio St.3d 19, 20 (1986). One of the permissible forms of bail is a "recognizance," which is a "written undertaking by one or more persons to forfeit the sum of money set by the court or magistrate, if the accused is in default for appearance * * *." R.C. 2937.22(A)(3). One form of a recognizance is a surety bond. R.C. 2937.281; Crim.R. 46(A)(3). Thus, where a surety bond serves as a recognizance, it "is a contract in which the surety promises the court that it will pay a monetary penalty if the accused who is released on the bond posted by the surety fails to appear in court when ordered." *State v. Scherer*, 108 Ohio App.3d 586, 590 (2d Dist.1995).

{¶ 10} If an accused fails to appear in accordance with the terms of his release, R.C. 2937.35 gives the court discretion to either immediately declare the bail forfeit, in whole or in part, or to continue the cause to a later date. If at any time the court declares bail forfeited, the forfeiture proceedings are governed by R.C. 2937.36, which states in pertinent part:

Upon declaration of forfeiture, the magistrate or clerk of the court adjudging forfeiture shall proceed as follows:

* * *

(C) As to recognizances the magistrate or clerk shall notify the accused and each surety * * * of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice * * * why judgment should not be entered against each of them for the penalty stated in the recognizance. If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them * * *.

{¶ 11} By implication, R.C. 2937.36(C) provides that a surety may be released from liability under its bond if it can show good cause. *State v. Tucker*, 12th Dist. Warren No. CA2007-07-096, 2008-Ohio-3381, ¶ 25; *Hughes*, 27 Ohio St.3d at 20. In addition to "production of the body of the accused," one of the other ways to show good cause is to present evidence of the accused's incarceration. *State v. Johnson*, 12th Dist. Madison No. CA96-06-025, 1996 WL 679200, *1 (Nov. 25, 1996); *Scherer*, 108 Ohio App.3d at 590-94. The Fourth Appellate District provides a helpful explanation of when and why such evidence may be effective:

[A] surety bond is a contract that is subject to the rules governing the performance of contracts, including those regarding impossibility of performance. * * * [W]hen a defendant is incarcerated in another jurisdiction, the defendant's appearance is forbidden by law and therefore is impossible.

*State v. Sexton*, 132 Ohio App.3d 791, 793 (4th Dist.1999), citing *Scherer* at 591.

{¶ 12} In the present case, appellant's own exhibit shows that the trial court did not abuse its discretion in concluding that Berry's incarceration in Kentucky was not good cause for releasing appellant from liability on its bond. *See Johnson* at *1. Berry failed to appear for his drug test on June 13, his sentencing hearing on June 24, and his show cause hearing on August 12. Yet in support of its motion for release, appellant presented a printout from

the Boone County, Kentucky website which shows that Berry's incarceration in Kentucky did not begin until he was arrested on August 21. In other words, based upon appellant's own exhibit, it appears that Berry's imprisonment in Kentucky and appellant's impossibility of performance did not arise until after Berry had failed to appear three times. Therefore, the trial court did not err in denying appellant's motion for release from bond.

{¶ 13} Appellant's first assignment of error is overruled.

{¶ 14} Assignment of Error No. 2:

{¶ 15} THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S CIVIL RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT.

{¶ 16} In its second assignment of error, appellant argues the trial court erred in denying appellant's Civ.R. 60(B) motion for relief from judgment. Appellant contends that excusable neglect, surprise, and fraud are present in this case to sufficient degree to entitle it to relief under Civ.R. 60(B)(1) and (3).

{¶ 17} An appellate court will not reverse a trial court's decision to deny a Civ.R. 60(B) motion for relief absent an abuse of discretion. *Aurora Loan Servs. v. Brown*, 12th Dist. Warren No. CA2010-01-010, 2010-Ohio-5426, ¶ 34, citing *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994); *Crosby*, 2009-Ohio-4936 at ¶ 28. To prevail on a Civ.R. 60(B) motion, the movant must demonstrate to the trial court that it satisfies each of the following three elements: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. *Aurora Loan Servs.* at ¶ 35, citing *GTE Automatic Electric v. ARC Industries*, 47 Ohio St.2d 146, 150-51 (1976). Relief from judgment may not be granted if any one of these elements is not satisfied. *Williams v. McFarland Properties*, 12th Dist. Butler No. CA2012-09-187, 2013-Ohio-1384, ¶ 10, citing

*Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988).

{¶ 18} In the present case, the trial court properly denied appellant's motion because appellant was unable to demonstrate that it satisfied the second element. That is, appellant failed to show it was entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5).

{¶ 19} With respect to the argument of surprise under Civ.R. 60(B)(1), appellant asserts that it was unaware of any proceedings taking place with respect to Berry's bond, and was therefore surprised to receive a letter indicating judgment had already been taken. Because appellant did not present this theory below in its Civ.R. 60(B) motion, we decline to consider it now. It is well-settled that a party cannot raise new issues or legal theories for the first time on appeal. *Nix v. Williams Family Partnership, Ltd.*, 12th Dist. Butler No. CA2013-05-076, 2013-Ohio-5208, ¶ 25.

{¶ 20} With respect to the claim for relief under Civ.R. 60(B)(3), appellant alleges fraud on the grounds that the bond, when issued, clearly indicated on its face that it was expired.[1] Appellant also claims that Stevenson, the bondsman who posted the bond, was neither authorized by the company to post the bond nor licensed by the state to write, issue, or post bonds. Therefore, appellant asserts that it alleged operative facts justifying relief under Civ.R. 60(B)(3).

{¶ 21} However, while appellant's allegations regarding Stevenson's fraudulent conduct may have been appropriate as claims or defenses by appellant at the show cause hearing, they do not justify relief under Civ.R. 60(B)(3). Civ.R. 60(B)(3) provides that "the court may relieve a party or his legal representative from a final judgment, order or proceeding for * * * fraud * * *, misrepresentation or other misconduct of an adverse party * *

---

1. In bold capital letters at the bottom of the bond runs the disclaimer: "VOID IF NOT ISSUED BY: 12/31/2012." As noted above, the bond was executed on June 1, 2013.

*."  As the Tenth Appellate District has aptly stated:

> The fraud or misconduct contemplated by Civ.R. 60(B)(3) is fraud or misconduct on the part of the adverse party in obtaining the judgment by preventing the losing party from fully and fairly presenting his defense, not fraud or misconduct which in itself would have amounted to a claim or defense in the case.

(Internal citations omitted.)  *PNC Bank, Natl. Assoc. v. Botts*, 10th Dist. Franklin No. 12AP-256, 2012-Ohio-5383, ¶ 15.

{¶ 22} There is no basis to find that Stevenson's alleged misconduct prevented appellant from fully and fairly presenting the fraud at the show cause hearing as a defense to liability on the bond.  The record indicates that a notice of the show cause hearing was sent by certified mail to appellant's home office in Orlando, that the notice clearly indicated appellant was required to show cause why judgment should not be entered against it on the bond, but that appellant nevertheless failed to appear at the show cause hearing.  In its Civ.R. 60(B) motion for relief, appellant suggested its failure to appear was the result of its belief that Stevenson's fraudulent conduct did not create a legal obligation for appellant to perform on the bond.  Appellant did not deny receipt of notice of the hearing, or suggest that Stevenson's fraudulent conduct somehow prevented appellant from appearing or otherwise participating in the proceedings.

{¶ 23} In other words, appellant's motion alleged fraudulent conduct as a defense to its liability on the bond, not as a reason it could not present a defense in court proceedings. Therefore, appellant failed to allege operative facts justifying relief under Civ.R. 60(B)(3). *See, e.g., Wells Fargo Bank, N.A. v. Brandle*, 2d Dist. Champaign No. 2012CA0002, 2012-Ohio-3492, ¶ 14 (finding plaintiff-appellants had no basis for claiming fraud under Civ.R. 60(B)(3) where there was no showing the alleged fraud in a foreclosure action prevented appellants from fully and fairly presenting the issue as a defense at trial).

{¶ 24} Finally, appellant asserts that the facts that constitute surprise and fraud in the

present case also demonstrate excusable neglect under Civ.R. 60(B)(1). "Generally, the determination of whether conduct constitutes 'excusable neglect' involves considering all of the surrounding facts and circumstances and balancing the need for finality of judgments with the interests of fairness and justice." *Mallik v. Jeff Wyler Fairfield, Inc.*, 12th Dist. Butler No. CA2000-06-106, 2000 WL 1693246, *6 (Nov. 13, 2000), citing *Colley v. Bazell*, 64 Ohio St.2d 243, 249 (1980). Conduct is not excusable neglect if it "reveals a complete disregard for the judicial system and the rights of the [other party]." *Mallik* at *6, quoting *GTE Automatic Electric*, 47 Ohio St.2d at 153.

{¶ 25} As previously discussed, despite being sent appropriate notice, appellant failed to appear at the show cause hearing ordered by the trial court pursuant R.C. 2937.36. In its motion for relief, appellant ascribes its failure to appear to the fact that it believed it had no legal obligation to perform on the bond. On its face, this argument seems to disregard the language of the court's notice, which expressly indicated that appellant was asked to appear at the August 12 hearing to show cause why the trial court should not enter judgment against it on the bond. The trial court could have found that this conduct constituted a complete disregard for the judicial system.

{¶ 26} Appellant's second assignment of error is overruled.

{¶ 27} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.

- 8 -