[Cite as *State v. Lott*, 2014-Ohio-3404.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130543 |
| | | TRIAL NO. B-1300760-B |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| JYMARCUS LOTT, | : | |
| | | |
| Defendant, | : | |
| | | |
| and | : | |
| | | |
| TRACY LOTT, | : | |
| | | |
| Surety-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  August 6, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Dale Bernhard*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Ngozi V. Ndulue* and *David Singleton*, Ohio Justice and Policy Center, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

Per Curiam.

{¶1} Appellant Tracy Lott appeals the trial court's judgment forfeiting three recognizance bonds she had posted for her son defendant Jymarcus Lott. She argues the trial court erred in forfeiting the bonds because her son's subsequent incarceration in Indiana for a probation violation made performance of her surety obligation legally impossible. She further argues that the trial court erred in failing to follow the statutory time frame set forth in R.C. 2937.36 before forfeiting the bonds. Finding neither argument meritorious, we affirm the trial court's judgment.

### Trial Court Proceedings

{¶2} On February 4, 2013, Jymarcus Lott was arrested in Hamilton County and indicted for having weapons while under a disability, improperly handling firearms, and trafficking in marijuana. The trial court set his bond at $7,000. Three days later, Ms. Lott posted three separate recognizance bonds, one for each charge. She agreed to pay ten percent of Jymarcus's bonds, which totaled about $900 with fees. Jymarcus was then released on bond.

{¶3} At the time of his release, Jymarcus was also on probation in Indiana for the offense of dealing in cocaine, a class B felony. When Jymarcus reported to his probation officer by phone on February 20, 2013, his scheduled reporting date, his probation officer told him to report in person in Indiana. When Jymarcus arrived in Indiana, he was arrested for a probation violation based upon the pending charges in Hamilton County. As a result, Jymarcus failed to appear in court for his arraignment on February 22, 2013. A magistrate ordered the three bonds forfeited, and issued a warrant for Jymarcus's arrest.

{¶4} On May 7, 2013, the trial court served Ms. Lott and Jymarcus with notice of the forfeiture. It ordered that Ms. Lott produce Jymarcus on June 12, 2013,

or show cause why judgment should not be entered against her and Jymarcus. On May 20, 2013, Ms. Lott filed a pro se response, attaching documentation from Jymarcus's probation officer and the Indiana courts, which showed that Jymarcus was incarcerated in Indiana.

{¶5} On June 12, 2013, the magistrate held a hearing on the bond forfeitures. Ms. Lott appeared at the hearing and explained that Jymarcus's failure to appear had been caused by his incarceration in Indiana. On June 27, 2013, the magistrate ordered the bonds forfeited, and entered judgment for the state for $7,000 jointly and severally against Ms. Lott and her son.

{¶6} In the interim, Ms. Lott had hired counsel, who entered an appearance on her behalf. On July 11, 2013, Ms. Lott filed objections to the magistrate's decision along with an affidavit. On July 18, 2013, the trial court adopted the magistrate's decision and entered the bond forfeiture. On July 24, 2013, the state filed a memorandum opposing Ms. Lott's objections. Ms. Lott filed a motion to strike the state's memorandum, to vacate the judgment, and to consider the previously filed objections. On August 13, 2013, the trial court denied Ms. Lott's objections without explanation. That same day, the trial court denied Ms. Lott's motions to strike and to vacate the judgment. The trial court stayed its judgment pending this appeal.

### Bond Forfeiture

{¶7} In her first assignment of error, Ms. Lott argues the trial court erred in entering the bond-forfeiture judgment.

{¶8} Bail bonds are contracts between the surety and the state. *See State v. Scherer*, 108 Ohio App.3d 586, 591, 671 N.E.2d 545 (2d Dist.1995). The surety agrees to ensure the appearance of the defendant in court and the state agrees

to release the defendant into the surety's custody. *Id.* If the defendant fails to appear, there is a breach of the condition of bond and the court may declare a forfeiture of the bond unless the surety can be exonerated as provided by law. *See State v. Hughes*, 27 Ohio St.3d 19, 20, 501 N.E.2d 622 (1986); *see also* R.C. 2937.35.

{¶9} R.C. 2937.36 governs forfeiture proceedings, and provides that a surety may be exonerated if good cause "by production of the body of the accused or otherwise" is shown. *See Hughes* at 21, citing R.C. 2937.36(C); *see also State v. Berry*, 12th Dist. Clermont No. CA2013-11-084, 2014-Ohio-2715, ¶ 10. A surety may also be exonerated where performance of the conditions in the bond is rendered impossible by an act of law. *See Hughes* at 21-22, citing *Taylor v. Taintor*, 83 U.S. 366, 21 L.Ed 287 (1872). However, the impossibility of performance must have been unforeseeable at the time the surety entered into the contract. *See Scherer* at 592.

{¶10} Ms. Lott argues that performance of her surety obligation was made legally impossible by Jymarcus's incarceration in Indiana. She contends that because Jymarcus did not flee the jurisdiction, but complied with his probation officer's request to report to her in Indiana, she should not be held liable for his legally-required absence. She compares Jymarcus's situation to that of the defendant in *State v. Scherer*, 108 Ohio App.3d 586, 671 N.E.2d 545 (2d Dist.1995).

{¶11} We disagree. In *Scherer*, the Second District held that because the trial court had ordered Scherer, who was already on probation in Kentucky, to remain in Kentucky as a condition of his Ohio bond, his failure to appear in court after he had been incarcerated in Kentucky for violating his probation "did not proximately result from the negligence of the sureties in failing to prevent his leaving Ohio." *Id.* at 595. As a result, it suspended the sureties' liability on the bond pending Scherer's release from imprisonment in Kentucky. *Id.*

4

{¶12} Here, unlike in *Scherer*, the trial court did not permit, much less require, Jymarcus to leave the jurisdiction. The recognizance bonds that Ms. Lott had signed expressly provided that Jymarcus "shall not depart without leave, then this Recognizance be void." Moreover, Ms. Lott knew that Jymarcus was on probation in Indiana at the time she posted the bonds. When Jymarcus reported by phone to his probation officer, it was not unforeseeable that his probation officer, upon learning of his Ohio criminal charges, would tell him to report in person to Indiana.

{¶13} In leaving Ohio to report to his probation officer in Indiana without seeking the trial court's permission, Jymarcus violated one of the conditions of his bond. By entering Indiana, he increased the risk of his nonappearance to answer for his criminal charges in Ohio, the very purpose for which he was released on bail in the first place. Thus, it was foreseeable that Jymarcus's pending criminal charges in Ohio would have violated the terms of his probation in Indiana, and that he would have been arrested upon reporting to his probation officer in Indiana. As a result, we cannot say the trial court erred in forfeiting the bonds. *See State v. Sexton*, 132 Ohio App.3d 791, 794, 726 N.E.2d 55 (4th Dist.1999) (holding good cause did not exist to excuse a surety's failure to produce the defendant, who had violated a condition of his bond by voluntarily leaving Ohio without permission, and was then subsequently incarcerated in South Carolina). We, therefore, overrule Ms. Lott's first assignment of error.

### Timeliness of the Bond-Forfeiture Hearing

{¶14} In her second assignment of error, Ms. Lott argues the trial court erred by failing to adhere to the mandates of R.C. 2937.36 before holding the bond-forfeiture hearing.

{¶15} R.C. 2937.36 governs the procedures for bond forfeitures. *State v. Holmes*, 57 Ohio St.3d 11, 14, 564 N.E.2d 1066 (1991). R.C. 2936.37(C) requires the court to notify the surety that the criminal defendant has failed to appear in court; the bond has been forfeited; and a "show-cause" hearing will be held before the court on a certain date and time. *Id.* This procedure gives the surety time to locate the defendant prior to the "show-cause" hearing and, thus, to avoid a possible judgment. *See id.* at syllabus.

{¶16} 2011 Am.Sub.H.B. 86 amended R.C. 2937.36 effective September 30, 2011. The amendment changed the notice time frames for recognizances by requiring the magistrate or court to notify the criminal defendant and each surety within 15 days of the forfeiture declaration and by extending the time between the mailing of the notice and the show-cause hearing to 45 to 60 days. Under the prior version of the statute, there was no deadline by which the court needed to notify the surety of the forfeiture declaration and the show-cause hearing was required to be held within 20 to 30 days from the date of the mailing of the notice. *See State v. Lee*, 9th Dist. Lorain No. 11CA010083, 2012-Ohio-4329, ¶ 9, fn.1; *Dept. of Liquor v. Calvert*, 195 Ohio App.3d 627, 2011-Ohio-4735, 961 N.E.2d 247, ¶ 15, fn. 2 and 3 (6th Dist.). Thus, R.C. 2937.36(C) now provides that within 15 days of the declaration of forfeiture, "the magistrate or court shall notify the accused and each surety * * * of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice." R.C. 2937.36(C) further provides that the date must be "not less than forty-five or more than sixty days from the date of the mailing of the notice."

{¶17} Ms. Lott argues that the trial court erred in forfeiting the bond because she was not given the requisite 45 to 60 days' notice preceding the show-

cause hearing. Instead, she asserts that the notice that was sent to her referenced the 20-30 day period in the former version of the statute. She argues that the trial court's failure to abide by the statutory time frame was prejudicial to her because she was only able to secure counsel after the bond-forfeiture hearing. She argues that had the appropriate amount of time been given, she would have been able to secure counsel to present her meritorious arguments for full consideration at the show-cause hearing.

{¶18} As support for her argument, Ms. Lott relies upon *State v. Ramey*, 6th Dist. Lucas No. L-08-1040, 2008-Ohio-3275. But *Ramey* is distinguishable. In *Ramey*, the trial court had scheduled a bond hearing and sent appropriate notice to the surety. *Id.* at ¶ 3. The trial court then moved up the date for the hearing and failed to send notice to the surety of the new hearing date. *Id.* at ¶ 4. In reversing the trial court's judgment forfeiting the bond, the Sixth Appellate District held that the new hearing date not only violated the statutory notice period, but that the record contained no attempt by the court to provide the surety notice of the new hearing date. *Id.* at ¶ 15. As a result, the Sixth District held that the trial court had abused its discretion by forfeiting the bond without giving the surety the opportunity to show cause for the defendant's nonappearance. *Id.*

{¶19} In *City of Toledo v. Floyd*, 185 Ohio App.3d 27, 2009-Ohio-5507, 923 N.E.2d 159 (6th Dist.), the surety, relying upon the Sixth District's earlier decision in *Ramey*, had argued that the trial court had erred in forfeiting the bond where the surety had not been timely notified of the hearing pursuant to R.C. 2937.36. *Id.* at ¶ 6. The Sixth District acknowledged that the trial court had violated the 20-day notice requirement in former R.C. 2937.36 by holding the show-cause hearing 14 days after the notice had been mailed, but it nonetheless concluded that

the surety could not demonstrate any prejudice because the surety had appeared at the show-cause hearing with the defendant. *Id.* at ¶ 9.

{¶20} Here, the record reflects that the notice served on Ms. Lott had been filed on May 7, 2013, for a show-cause hearing before a magistrate on June 12, 2013. Thus, Ms. Lott was only given 35 days to produce Jymarcus, instead of the statutorily mandated 45 to 60 days. Ms. Lott, nonetheless, received the notice and filed a written response on May 20, 2013. Her response demonstrated that on February 20, 2013, two days prior to the arraignment, she had been fully aware that Jymarcus had been incarcerated in Indiana for a probation violation. Moreover, Ms. Lott appeared at the hearing on June 12, 2013, and informed the court that she was unable to produce Jymarcus because of his incarceration in Indiana.

{¶21} Thus, at the time of the show-cause hearing, the record reflects that Ms. Lott was fully aware of the situation regarding her son. Giving her additional time before the hearing would not have produced a different result. She did not need additional time to locate Jymarcus or to bring him back into the custody of Hamilton County. Moreover, Ms. Lott was not entitled to counsel at the show-cause hearing, and nothing in the record indicates that the trial court would have had decided the forfeiture matter differently had counsel represented Ms. Lott before the magistrate. Thus, Ms. Lott has not demonstrated any prejudice from the trial court's technical failure to comply with R.C. 2937.36. *See id.*; *see also Calvert,* 195 Ohio App.3d 627, 2011-Ohio-4735, 961 N.E.2d 247, at ¶ 26-29. As a result, we overrule her second assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**CUNNINGHAM, P.J, HILDEBRANDT** and **HENDON, JJ**.

Please note:

The court has recorded its own entry this date.

