[Cite as *State v. Jackson*, 2021-Ohio-1646.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200153 |
| Plaintiff-Appellee, | : | TRIAL NO. B-1806214-B |
| vs. | : | *O P I N I O N.* |
| JAQUAN JACKSON, | : | |
| Defendant, | : | |
| and | : | |
| ALLEGHENY CASUALTY COMPANY, | : | |
| Surety-Appellant, | : | |
| and | : | |
| DANIEL SEIFU, | : | |
| Surety. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: May 12, 2021

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *James S. Sayre*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Ray Robinson Law Co., L.P.A.,* and *Sandra M. Kelly*, for Defendant-Appellant.

**MYERS, Presiding Judge.**

{¶1}   Surety-appellant Allegheny Casualty Company ("Allegheny") appeals from the trial court's entry denying its motion to set aside a bond-forfeiture judgment and to release it from liability.

{¶2}   In a single assignment of error, Allegheny argues that the trial court erred in denying its motion because it was legally impossible for it to fulfill its duty as a surety to produce defendant Jaquan Jackson in court in Hamilton County when Jackson was incarcerated in Kentucky, that it was entitled to relief from forfeiture under R.C. 2937.40, and that the trial court erred in failing to comply with the time frame set forth in R.C. 2937.36 prior to ordering the bond forfeited.  Finding that the trial court correctly ordered the bond forfeited, we affirm its judgment.

### *Factual and Procedural Background*

{¶3}   Jaquan Jackson was indicted for aggravated possession of drugs and aggravated trafficking in drugs in November of 2018.  Allegheny and Daniel Seifu, as an agent for Allegheny, posted a $50,000 surety bond for Jackson.  Jackson pled guilty to aggravated possession of drugs on March 22, 2019, and sentencing was scheduled for April 17, 2019.  The trial court allowed Jackson to remain on bond pending sentencing.  Jackson failed to appear on the sentencing date, and the sentencing hearing was continued to May 21, 2019.  No capias was issued.  Jackson again failed to appear for sentencing, and the trial court issued a capias for his arrest and ordered the bond forfeited.

{¶4}   On July 3, 2019, the trial court issued a "Notice to Surety," stating that the bond had been forfeited and giving Allegheny and Seifu notice to produce

Jackson's body or show cause why judgment should not be entered against them pursuant to R.C. 2937.36. The court set a hearing for September 4, 2019. This notice was sent to Allegheny and Seifu by regular mail on July 8, and again on July 18. Both notices sent to Seifu were returned undelivered. The regular mail to Allegheny was not returned, raising the presumption that the notices were delivered. The show-cause hearing was held as scheduled on September 4. Neither Allegheny nor Seifu appeared. Following the hearing, a magistrate issued a decision granting judgment to the state in the amount of $50,000.

{¶5} Allegheny subsequently filed a "motion for reconsideration and to set aside bond forfeiture judgment and release surety from liability." It argued that it was not timely served with notice of the bond forfeiture in accordance with the time frame set forth in R.C. 2937.36, that it was legally impossible to produce Jackson's body because he had been incarcerated in Kentucky since March 23, 2019, (the day after he pled guilty in Hamilton County), and that it was entitled to relief from forfeiture under R.C. 2937.40. The trial court denied Allegheny's motion.

### Bond Forfeiture

{¶6} In a single assignment of error, Allegheny argues that the trial court erred in denying its motion to set aside the bond-forfeiture judgment and to release it from liability. We review the trial court's ruling on Allegheny's motion for an abuse of discretion. *State v. Wane*, 12th Dist. Butler Nos. CA2020-01-010, CA2020-01-011, CA2020-01-014 and CA2020-01-015, 2020-Ohio-4874, ¶ 22. An abuse of discretion is more than a mere error of judgment; rather, "it implies that the court's attitude is arbitrary, unreasonable, or unconscionable." *Boolchand v. Boolchand*, 1st Dist. Hamilton No. C-200111, 2020-Ohio-6951, ¶ 9.

3

{¶7} A bail bond is a contract between a surety and the state, in which the state agrees to release a defendant into the surety's custody in exchange for the surety ensuring the defendant's appearance in court. *State v. Lott*, 2014-Ohio-3404, 17 N.E.3d 1167, ¶ 8 (1st Dist.). "If the defendant fails to appear, there is a breach of the condition of bond and the court may declare a forfeiture of the bond unless the surety can be exonerated as provided by law." *Id.*

{¶8} Forfeiture proceedings are governed by R.C. 2937.36. Forfeiture of bonds is set forth in R.C. 2937.36(C), which provides in relevant part that after a declaration of forfeiture, a surety may be exonerated "[i]f good cause by production of the body of the accused or otherwise" is shown. We have held that under certain circumstances, impossibility may satisfy that good cause is "otherwise" shown. "A surety may also be exonerated where performance of the conditions in the bond is rendered impossible by an act of law." *Lott* at ¶ 9. The act of law rendering performance impossible must have been unforeseeable at the time that the surety and the state entered into the contract. *Id.*

{¶9} Allegheny argues that it established good cause for its failure to produce Jackson because Jackson's incarceration in Kentucky rendered its performance legally impossible.

{¶10} This court considered a similar argument in *Lott*. Lott was released on bond after being arrested on various charges in Hamilton County, and he subsequently left Hamilton County to report to a probation officer in Indiana. *Lott*, 2014-Ohio-3404, 17 N.E.3d 1167, at ¶ 2-3. While in Indiana, he was arrested for a probation violation on a prior Indiana charge. Due to his incarceration in Indiana, Lott failed to appear for his arraignment in Hamilton County and his bond was

ordered forfeited. Following a show-cause hearing, judgment was entered against the surety. *Id.* at ¶ 5. On appeal, this court rejected the surety's argument that Lott's incarceration in Indiana rendered its performance legally impossible. *Id.* at 13. We reasoned that because Lott's bond contract provided that he "shall not depart without leave," Lott violated a condition of his bond by leaving Ohio to go to Indiana. We further found that it was foreseeable that Lott would be required to report to his Indiana probation officer and that his pending Ohio charges would have violated the terms of his Indiana probation. *Id.*

{¶11} In *State v. Sexton*, 132 Ohio App.3d 791, 726 N.E.2d 554 (4th Dist. 1999), the court similarly held that a defendant's incarceration in South Carolina did not render a surety's performance in Ohio legally impossible. In *Sexton*, the defendant was released on bond in Lawrence County after arraignment. Sexton failed to appear for a preliminary hearing in Lawrence County because he was incarcerated in West Virginia. Sexton was subsequently released from jail in West Virginia, but was arrested and incarcerated in South Carolina before being returned to Ohio. *Id.* at 792. The trial court conducted a bond-forfeiture hearing and entered judgment against the surety. *Id.* On appeal, the surety argued that Sexton's incarceration in South Carolina was unforeseeable and that it was legally impossible to produce Sexton's body. The Fourth District rejected the surety's argument, finding that Sexton had voluntarily fled the jurisdiction of Lawrence County, that his recognizance specifically provided that he shall "not depart without leave," and that "[t]he flight of a defendant is a business risk that a surety assumes." *Id.* at 794.

{¶12} Allegheny relies on *State v. Scherer*, 108 Ohio App.3d 586, 671 N.E.2d 545 (2d Dist.1995), *State v. Yount*, 175 Ohio App.3d 733, 2008-Ohio-1155, 889

N.E.2d 162 (2d Dist.), and *State v. Wane*, 12th Dist. Butler Nos. CA2020-01-010, CA2020-01-011, CA2020-01-014 and CA2020-01-015, 2020-Ohio-4874, in support of its argument that Jackson's incarceration in another jurisdiction rendered its performance under the bond contract legally impossible.

{¶13} In *Scherer*, the defendant was released on bond after being indicted for passing bad checks in Greene County. As a condition of his bond, Scherer was ordered to maintain his residence in Kentucky and was prohibited from moving without giving the court notice. *Scherer* at 589. The surety subsequently discovered that Scherer had moved and his whereabouts were unknown. After receiving this information, the Greene County court issued a warrant for Scherer's arrest. Scherer was arrested on the warrant in Kentucky, where he was detained to face probation-revocation charges. Because of his arrest in Kentucky, Scherer failed to appear in Greene County for sentencing. His bond was forfeited, and following a show-cause hearing, the trial court entered judgment against the surety. *Id.* at 589. The surety argued on appeal that Scherer's incarceration in Kentucky made its performance under the bond contract legally impossible. The Second District recognized that a defendant's incarceration in another jurisdiction following an illegal flight from the jurisdiction in which she or he had been released on bond was a reasonably foreseeable event. *Id.* at 594. But because Scherer had not voluntarily fled to Kentucky, but rather had departed from Ohio after being ordered by the trial court to do so, the court found that "his subsequent incarceration in Kentucky did not proximately result from any negligence of the sureties in failing to prevent his leaving Ohio" and that the surety had established good cause for being excused from performing. *Id.* at 594.

{¶14} In *State v. Yount*, the defendant was released on bond in Montgomery County after being indicted for possession of crack cocaine. *Yount* at ¶ 1. A capias was issued for Yount and his bond was forfeited after he failed to appear for a scheduling conference. A show-cause hearing was scheduled, at which the surety did not appear, and the trial court entered judgment against the surety in the amount of the bond. *Id.* at ¶ 2. The surety filed a motion for relief from judgment, arguing that Yount had been incarcerated in Miami County, and that his incarceration in the other county constituted good cause for its failure to produce him in Montgomery County. *Id.* at ¶ 3. The trial court denied the motion and the surety appealed. On appeal, the Second District held that the trial court erred in denying the surety's motion for relief from judgment because "Yount was incarcerated in Miami County, and it was legally impossible for [surety] to produce him in Montgomery County." *Id.* at ¶ 14.

{¶15} In *State v. Wane*, 12th Dist. Butler Nos. CA2020-01-010, CA2020-01-011, CA2020-01-014 and CA2020-01-015, 2020-Ohio-4874, the court tangentially considered the issue of impossibility of a surety's performance due to a defendant's incarceration in another jurisdiction. In *Wane*, the defendant failed to appear in a Butler County court after being released on bond, because he was incarcerated in Hamilton County. The surety was not notified of the show-cause hearing and failed to appear, and the bond was ordered forfeited. The Twelfth District, in considering whether the surety had been prejudiced by the failure to receive notice of the show-cause hearing, held that if the surety had received notice of the hearing, Wane's incarceration in Hamilton County would have served as good cause for why a judgment of forfeiture should not have been entered. *Id.* at ¶ 25.

7

{¶16} The facts of this case are distinguishable from *Scherer*, *Yount*, and *Wane*. Unlike *Scherer*, where the defendant was ordered by the trial court to go to Kentucky, Jackson voluntarily fled from Hamilton County to another state without the trial court's permission. Such an event, as recognized in *Scherer*, is reasonably foreseeable. *Scherer*, 108 Ohio App.3d 586 at 594, 671 N.E.2d 545. And whereas the defendants in *Yount* and *Wane* remained in the custody of the state of Ohio when they were released on bond in one Ohio county and arrested in another Ohio county, Jackson fled across the state line and was arrested in Kentucky.

{¶17} Jackson's recognizance bond, like the bond executed in *Lott* and *Sexton*, provided that he "shall not depart without leave." He nonetheless voluntarily fled the jurisdiction of Hamilton County, which was a reasonably foreseeable event and a risk that Allegheny had assumed. *See id.*; *Sexton*, 132 Ohio App.3d 791 at 794, 726 N.E.2d 554. We therefore hold, following our review of the record and relevant case law, that Allegheny has not shown good cause to relieve it of bond forfeiture.

{¶18} Like our sister district found in *Sexton*, we note that Jackson's failure to appear was a business risk Allegheny undertook. Sureties make calculated business judgments in determining to insure a defendant's appearance. As a part of this evaluation of risk, it is foreseeable that a person would "flee," voluntarily leaving the state. It is also foreseeable that the fleeing defendant would commit a crime in another jurisdiction and be unable to return. Sureties have ways to reduce their risks, and undoubtedly engage in a cost-benefit analysis in deciding what protections to take as to any particular defendant. Here, Allegheny assumed the risk that Jackson, once convicted, would return for sentencing and took no further steps to

assure his appearance. That he was arrested and held elsewhere was a foreseeable risk they assumed.

{¶19} Allegheny additionally argues that it was entitled to relief from forfeiture under R.C. 2937.40(A)(1)(b). This statute concerns the release of bail and sureties, and it provides in relevant part:

When a surety on a recognizance or the depositor of cash or securities as bail for an accused desires to surrender the accused before the appearance date, the surety is discharged from further responsibility or the deposit is redeemed in either of the following ways:

* * *

When, on the written request of the surety or depositor, the clerk of the court to which recognizance is returnable or in which deposit is made issues to the sheriff a warrant for the arrest of the accused and the sheriff indicates on the return that he holds the accused in his jail.

{¶20} This statute affords no relief to Allegheny. By its own terms, R.C. 2937.40(A)(1) applies when a surety desires to surrender the accused before the appearance date. Here, Allegheny made no attempt to surrender Jackson prior to his appearance date. Rather, it sought to be released from liability only after Jackson failed to appear and only after the bond was forfeited. *See State v. Thomas*, 7th Dist. Mahoning No. 08 MA 79, 2009-Ohio-1032, ¶ 32 ("Once the defendant failed to appear, Appellant could not rely on section (A)(1) of [R.C. 2937.40].").

{¶21} Allegheny further contends that the trial court erred in failing to comply with the time frame set forth in R.C. 2937.36 prior to entering judgment against it. R.C. 2937.36(C) provides in relevant part:

9

As to recognizances the magistrate or clerk shall notify the accused and each surety within fifteen days after the declaration of the forfeiture by ordinary mail at the address shown by them in their affidavits of qualification or on the record of the case, of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice, and which shall be not less than forty-five nor more than sixty days from the date of mailing notice, why judgment should not be entered against each of them for the penalty stated in the recognizance.

{¶22} The statute requires that a surety be notified of a declaration of forfeiture by ordinary mail within 15 days of the forfeiture being declared. Here, forfeiture was declared on May 21, 2019, but notice was not sent to Allegheny until July 8, 2019. This was well past the specified 15-day period. Absent a showing of prejudice, however, reviewing courts generally have not found error in a trial court's failure to comply with the timing requirements in R.C. 2937.36. *Lott*, 2014-Ohio-3404, 17 N.E.3d 1167, at ¶ 21; *City of Univ. Hts. v. Allen*, 8th Dist. Cuyahoga No. 107211, 2019-Ohio-2908, ¶ 23. Here, Allegheny has not established that it was prejudiced by receiving notice of the declaration of forfeiture past the statutorily specified 15-day period. Jackson was incarcerated in Kentucky during this entire period, so there was nothing Allegheny could have done differently. Moreover, the period of time in which Allegheny had to produce Jackson was not shortened, and, despite receiving delayed notice of the show-cause hearing, Allegheny failed to appear at that hearing.

**{¶23}** On the issue of timing, Allegheny also contends that the trial court failed to comply with R.C. 2937.36(C)'s requirement that the show-cause hearing be held within 45-60 days after the notice of declaration of forfeiture was mailed. Not so. The trial court issued the notice of declaration of forfeiture on July 3, 2019, the notice was sent by ordinary mail to Allegheny on July 8, 2019, and the show-cause hearing was held on September 4, 2019. The hearing was held approximately 58 days after the date the notice was mailed, which was within the statutory time frame. And even if the hearing had been held after the specified period, we have already determined that Allegheny, which failed to appear at the hearing, suffered no prejudice by any failure on the part of the trial court to comply with the time frames set forth in R.C. 2937.36.

**{¶24}** We hold that the trial court did not abuse its discretion in denying Allegheny's motion to set aside the bond-forfeiture judgment and to release it from liability. Allegheny's assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**BERGERON** and **CROUSE, JJ.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.