[Cite as *State v. Dorsey*, 2016-Ohio-3207.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

       Appellee

v.

Rico Dorsey

       Defendant

[You Walk Bail Bond
Agency—Appellant]

Court of Appeals No. L-15-1289

Trial Court No. CR0201301955

**<u>DECISION AND JUDGMENT</u>**

Decided:  May 27, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Caleb Bower, for appellant.

* * * * * *

**YARBROUGH, J.**

## I.  Introduction

**{¶ 1}** Appellant, You Walk Bail Bond Agency ("You Walk"), filed an accelerated

appeal from the judgment of the Lucas County Court of Common Pleas, denying its

motion for bond remission.  For the following reasons, we affirm.

## A. Facts and Procedural Background

{¶ 2} Rico Dorsey ("Dorsey") was indicted by a Lucas County Grand Jury on June 18, 2013, for one count of felonious assault, in violation of R.C. 2903.11(A), a felony of the second degree, and one count of abduction, in violation of R.C. 2905.02(A)(2) and (C), a felony of the third degree. On August 1, 2013, Dorsey posted a surety bond in the amount of $45,000, secured through You Walk. Dorsey appeared for several pretrial conferences and other court appearances, before ultimately entering a guilty plea to the abduction charge as well as an *Alford* guilty plea to an amended count of attempted felonious assault, pursuant to R.C. 2923.02(A), a felony of the third degree. Dorsey failed to appear at his sentencing hearing on July 30, 2014. The court ordered the bond forfeited on August 1, 2014, and set a forfeiture hearing for September 24, 2014.

{¶ 3} On September 24, 2014, You Walk failed to appear for the forfeiture hearing. Dorsey was arrested in the state of Wisconsin on September 25, 2014, on unrelated charges. You Walk filed a motion to vacate forfeiture on October 23, 2014, which the court denied on November 13, 2014. You Walk then filed an appeal with this court, which was denied for lack of a final appealable order. You Walk filed an emergency motion for stay of execution on February 27, 2015, which the court denied. You Walk then filed a motion for bond remission on August 11, 2015, which the court again denied in a judgment entry dated October 9, 2015. It is from this order that appellant files its appeal.

2.

## B.  Assignment of Error

{¶ 4} On appeal, appellant presents a sole assignment of error for our review:

I.  THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO REMIT ANY PORTION OF THE FORFEITED SURETY BOND, AFTER IMPROPERLY WEIGHING THE FACTORS UNDER O.R.C. 2937.39.

## II.  Analysis

{¶ 5} In its sole assignment of error, You Walk argues that the trial court abused its discretion by denying appellant's motion for bond remission.  You Walk sets forth two arguments in support of this proposition.  First, You Walk argues that the trial court failed to consider evidence set forth during the hearing for remission.  You Walk next argues that all or a portion of the bond should be remitted because the laws of the state of Wisconsin rendered it impossible for You Walk to return Dorsey to Lucas County, Ohio. These arguments are not persuasive.

{¶ 6} For its impossibility argument, You Walk relies on R.C. 2937.36(C), which reads in pertinent part:  "[i]f good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties * * *."  You Walk argues that because Dorsey was found to be in the state of Wisconsin, his retrieval should be deemed impossible by an act of law.  Therefore, although You Walk agrees it has not produced the "body of the accused," it argues that

3.

impossibility should be considered "otherwise," and the bond should not have been forfeited.

{¶ 7} You Walk's reliance on R.C. 2937.36(C) is misguided. The state is correct in its assertion that this argument is an attempt to relitigate the original bond forfeiture hearing. R.C. 2917.36 sets out procedures for bond forfeiture hearings. In the present case, the bond was properly forfeited on September 24, 2014, when You Walk failed to appear for the bond forfeiture hearing. As such, You Walk brought forth no evidence at that hearing, and the court fully complied with R.C. 2937.36. There is no question that the bond was properly forfeited. Remission of bond is a wholly separate issue, to which R.C. 2937.36 has no bearing.

{¶ 8} Appellant also argues that the court abused its discretion by failing to properly consider necessary factors for bond remission under R.C. 2937.39. At the outset, we note that we are not convinced that R.C. 2937.39 applies to this case.[1] However, assuming arguendo, that the statute applies, we will continue with our analysis.

---

[1] R.C. 2937.39 provides:

> After judgment has been rendered against surety or after securities sold or cash bail applied, the court or magistrate, on the appearance, surrender, or rearrest of the accused on the charge, may remit all or such portion of the penalty as it deems just * * *.

At the time of the appeal, defendant had not reappeared or surrendered and had not been rearrested on this charge. He was arrested on a separate charge in the state of Wisconsin and Lucas County placed a holder on him for the present case.

4.

{¶ 9} A trial court's ruling on a motion to remit a forfeited bond pursuant to R.C. 2937.39 is reviewed on appeal under an abuse of discretion standard. *State v. Hardin*, 6th Dist. Nos. L-03-1131, L-03-1132, and L-03-1133, 2003-Ohio-7263, ¶ 9; *State v. Patton*, 60 Ohio App.3d 99, 101, 573 N.E.2d 1201 (6th Dist.1989). An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 10} In determining whether to remit some or all of a forfeiture, the court should consider (1) the circumstances of the accused's reappearance, (2) his or her reason for failing to appear, (3) the prejudice afforded the prosecution by the accused's absence, (4) whether sureties helped return the defendant, (5) mitigating circumstances, and (6) whether justice requires that the entire amount remain forfeited. *State v. Am. Bail Bond Agency*, 129 Ohio App.3d 708, 712-713, 719 N.E.2d 13 (10th Dist.1998), *State v. Duran*, 143 Ohio App.3d 601, 604, 758 N.E.2d 742 (6th Dist.2001).

{¶ 11} It is apparent from the record that the trial court considered these factors in denying You Walk's motion for bond remission. As to the first two factors, the court found that You Walk had yet to produce Dorsey. The court also found that You Walk was not instrumental in securing the reappearance of Dorsey. The court noted that it had considered the delay and prejudice caused to the prosecution due to the accused's disappearance. The court also noted that You Walk did not present any mitigating factors and considered whether justice required the total amount of the bond to be forfeited.

5.

{¶ 12} After weighing these factors, the court determined that You Walk did not meet its burden under R.C. 2937.39, and denied the motion for bond remission. This determination was not unreasonable, arbitrary or unconscionable. Thus denial of You Walk's motion for bond remission was not an abuse of discretion. Therefore, You Walk's sole assignment of error is not well-taken.

### III. Conclusion

{¶ 13} Based on the foregoing, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs are hereby assessed to You Walk in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.          _____
                                           JUDGE

Stephen A. Yarbrough, J.

                                   _____
James D. Jensen, P.J.                                 JUDGE
CONCUR.

                                   _____
                                           JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.