[Cite as *State v. Johnson*, 2020-Ohio-55.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

C.A. No.     19CA011452

TYSHAWN JOHNSON
    Defendant

and

CHUCK BROWN II BAIL BONDS
    Appellant

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    17CR096698

DECISION AND JOURNAL ENTRY

Dated: January 13, 2020

SCHAFER, Judge.

{¶1} Appellant-Surety, Chuck Brown II Bail Bonds ("Chuck Brown") appeals the judgment of the Lorain County Court of Common Pleas granting in part and denying in part its motion for remission of bail bond forfeiture. For the reasons that follow, we affirm.

I.

{¶2} On September 20, 2016, a complaint was filed against Tyshawn Johnson in the Lorain Municipal Court charging him with one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree, and one count of domestic violence in violation of R.C. 2919.25(A), a felony of the third degree, and a capias was issued. Johnson was eventually arrested July 27, 2017. The Lorain Municipal Court set Johnson's bond at $20,000.00 cash and the matter was bound over to the Lorain Court of Common Pleas on August 4, 2017. That same

day, Chuck Brown posted a $20,000.00 surety bond on Johnson's behalf and Johnson was released on recognizance. The Lorain County Grand Jury subsequently filed an indictment against Johnson charging him with the same violations listed in the original complaint. Johnson appeared for his arraignment and entered a plea of not guilty. The matter then proceeded through the pretrial process until November 8, 2017, when Johnson failed to appear for a final pretrial as ordered.

{¶3} In a journal entry filed November 8, 2017, the trial court issued a capias for Johnson's arrest and ordered his "[b]ond revoked and forfeited." The court ordered the clerk to notify Johnson and Chuck Brown of the bond revocation and forfeiture and ordered Chuck Brown to appear on January 3, 2018, and show cause why judgment should not be entered against it for the $20,000.00 penalty stated in the recognizance.

{¶4} Johnson was arrested pursuant to the capias on November 17, 2017. That same day, Johnson was transported to the hospital for a medical emergency pursuant to the trial court's verbal medical furlough, and was admitted to the hospital. At some point, Johnson walked out of the hospital. On November 20, 2017, the trial court issued another capias for Johnson's arrest and ordered that upon his arrest he be held without bond until further order of the court.

{¶5} On January 3, 2018, Chuck Brown did not appear for the show cause hearing. However, upon request of Chuck Brown via telephone, the trial court continued the show cause hearing until January 10, 2018. Chuck Brown then filed a motion to continue the show cause hearing for an additional sixty days. The trial court granted the motion and continued the matter until March 7, 2018. On February 28, 2018, Chuck Brown filed a motion to surrender bond, remit bond power, and for relief from liability.

{¶6}    Chuck Brown failed to appear for the March 7, 2018 show cause hearing.  Upon request of Chuck Brown via telephone, the trial court continued the show cause hearing to March 21, 2018.  However, on March 21, 2018, Chuck Brown again failed to appear for the show cause hearing.  In an entry dated March 21, 2018, and filed March 22, 2018, the trial court denied Chuck Brown's motion to surrender bond, remit bond power, and for relief from liability.  The trial court noted that Johnson was still a fugitive and thereafter entered judgment against Chuck Brown for the full $20,000.00 bond and ordered Chuck Brown to pay the bond to the Lorain County Clerk of Courts forthwith.

{¶7}    On March 30, 2018, Chuck Brown filed a motion to stay the execution of the bond judgment pending defendant's return, stating that Chuck Brown had commenced all reasonable efforts at its expense in apprehending Johnson and that Chuck Brown had become aware that Johnson was being held by the Cuyahoga County Jail.  The trial court scheduled a hearing for the motion to stay on May 16, 2018.  Nonetheless, Chuck Brown again failed to appear for the hearing.  In an order dated May 16, 2018, and filed May 17, 2018, the trial court denied Chuck Brown's motion to stay execution and ordered Chuck Brown to pay the judgment issued on March 21, 2018 forthwith.

{¶8}    On June 27, 2018, Chuck Brown filed a motion to vacate the judgment and be relieved of liability.  The trial court scheduled a hearing for July 18, 2018.  Following the hearing, the trial court denied Chuck Brown's motion in a journal entry filed July 19, 2018.

{¶9}    On September 14, 2018, Chuck Brown filed a motion for remission, requesting the trial court grant a full remission of the bond.  Following a hearing on December 5, 2018, the trial court granted Chuck Brown's motion in part, ordering that $14,000.00 of the forfeited bond be remitted.

{¶10} Chuck Brown filed this timely appeal, raising four assignments of error for our review. Because the arguments and issues in Chuck Brown's four assignments of error are intertwined and interrelated, we elect to consider them together.

II.

### Assignment of Error I

**The trial court erred in granting a [judgment] against the surety and in favor of the State where it was the State's negligence that allowed the defendant to escape custody[.]**

### Assignment of Error III

**The trial court erred in granting a judgment against the surety and failing to grant a full remission when the defendant was already in custody.**

### Assignment of Error II

**The trial court erred in not properly considering all of the factors when determining the amount of bond to remit.**

### Assignment of Error IV

**The trial court abused its discretion in retaining $6,000.00 of the $20,000.00 bond in light of the facts and circumstances in the within matter.**

{¶11} In its first assignment of error, Chuck Brown contends that the trial court erred when it granted judgment in favor of the State because it was the State's negligence that allowed the defendant to escape custody. In its second assignment of error, Chuck Brown argues that the trial court did not properly consider necessary factors when determining the amount of bond to remit. Chuck Brown argues in its third assignment of error that the trial court erred by not remitting the full amount of the bond because Johnson was in the State's custody at the time judgment was entered. In the fourth assignment of error, Chuck Brown contends that the trial court abused its discretion based on the facts and circumstances of this case. As an initial matter, we note that although Chuck Brown's first and third assignments of error state that that the trial

court erred in granting judgment, all four of Chuck Brown's assignments of error essentially argue that the trial court abused its discretion when it did not remit the full bond amount. We disagree.

{¶12} The purpose of bail is to ensure that a defendant appears at all stages of the criminal proceedings. *State v. Hughes*, 27 Ohio St.3d 19, 20 (1986). "[W]here a surety bond serves as a recognizance, it 'is a contract in which the surety promises the court that it will pay a monetary penalty if the accused who is released on the bond posted by the surety fails to appear in court when ordered.'" *State v. Berry*, 12th Dist. Clermont No. CA2013-11-084, 2014-Ohio-2715, ¶ 9, quoting *State v. Scherer*, 108 Ohio App.3d 586, 590 (2d Dist.1995). If a defendant fails to appear in court when ordered, a trial court may order the bail forfeited in whole or in part. R.C. 2937.35. Pursuant to R.C. 2937.36(C),

> [u]pon declaration of forfeiture, the magistrate or clerk of the court adjudging forfeiture shall proceed as follows:
>
> * * *
>
> (C) As to recognizances the magistrate or clerk shall notify the accused and each surety within fifteen days after the declaration of the forfeiture * * * of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice * * * why judgment should not be entered against each of them for the penalty stated in the recognizance. If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, * * * .

{¶13} After judgment has been rendered against a surety, a trial court may, upon the appearance of the defendant, remit all or part of the penalty it deems just. R.C. 2937.39. When determining whether remission of some or all of a forfeiture is appropriate, a trial court should consider:

(1) the circumstances of the accused's reappearance, (2) his or her reason for failing to appear, (3) the prejudice afforded the prosecution by the accused's absence, (4) whether sureties helped return the defendant, (5) mitigating circumstances, and (6) whether justice requires that the entire amount remain forfeited.

*State v. Dorsey*, 6th Dist. Lucas No. L-15-1289, 2016-Ohio-3207, ¶ 10, citing *State v. Am Bail Bond Agency*, 129 Ohio App.3d 708, 712-713 (10th Dist.1998). "This Court has recognized that [R.C. 2937.39] grants a trial court 'broad discretion' in determining whether to remit a forfeited bond." *State v. McKay*, 9th Dist. Lorain No. 16CA011031, 2017-Ohio-7918, ¶ 5, citing *State v. Hollis*, 9th Dist. Lorain No. 3913, 1986 WL 7749, *1 (July 9, 1986). An abuse of discretion implies that a trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶14} In this case, after Johnson failed to appear for a final pretrial as ordered, the trial court issued a capias for Johnson's arrest and ordered his "[b]ond revoked and forfeited" on November 8, 2017. The court ordered the clerk to notify Johnson and Chuck Brown of the bond revocation and forfeiture and ordered Chuck Brown to appear on January 3, 2018, and show cause why judgment should not be entered against it for the $20,000.00 penalty stated in the recognizance. Meanwhile, Johnson was arrested on November 17, 2017, but was soon after transported and admitted to the hospital due to a medical emergency. At some point, the trial court became aware that Johnson walked out of the hospital and the trial court issued a new capias for his arrest on November 20, 2017. Johnson did not appear in this matter again until the capias was withdrawn and a new bond was set on May 22, 2018.

{¶15}  After Chuck Brown's failure to appear at several show cause hearings, the trial court entered judgment against Chuck Brown for the full $20,000.00 bond on March 21, 2018. Chuck Brown eventually filed a motion for full remission of the bond.  Chuck Brown and the State were represented at the December 5, 2018 hearing.   Charles C. Brown II, the "[o]wner/operator/agent" of Chuck Brown, offered testimony on behalf of Chuck Brown. Following the hearing, the trial court issued a general judgment granting Chuck Brown's motion in part, and ordering that $14,000.00 of the forfeited bond be remitted.  Neither Chuck Brown nor the State requested findings of fact and conclusions of law.

{¶16}  On appeal, Chuck Brown argues that the trial court abused its discretion when it did not remit the full bond amount because the circumstances of this case constitute good cause for full remittance.  The circumstances cited by Chuck Brown include the claims that (1) the State was negligent "in its duty to confine [Johnson] and prevent his escape[;]" (2) Johnson "was only missing for a little over [one] hundred days" and the State did not present any evidence of cost, prejudice, or delay caused by Johnson's absence; (3) Johnson was in custody before judgment was granted; and (4) Chuck Brown hired three different attorneys to represent it in the trial court and two of them "neglected their responsibilities and failed to appear for hearings before the [trial c]ourt."

{¶17}  First, contrary to Chuck Brown's contention that Johnson was "in custody" and "not properly guarded" when he walked out of the hospital, the record shows that Johnson was on medical furlough authorized by the trial court.  Because Johnson was not in custody, Chuck Brown's argument that the State was negligent "in its duty to confine [Johnson] and prevent his escape" is without merit.  Moreover, the Supreme Court of Ohio has expressly held "that the arrest and subsequent release of [a] defendant * * * will not serve to exonerate [a surety]'s

liability on [a defendant's] bond." *Hughes*, 27 Ohio St.3d at 22. The Supreme Court reasoned that "'[t]he escape of a defendant is the business risk of a bail surety. It is precisely the situation which a surety guarantees against.'" *Id.* at 22, quoting *State v. Ohayon*, 12 Ohio App.3d 162, 165 (8th Dist.1983).

{¶18} Chuck Brown also argues that the State did not present any evidence of cost, prejudice, or delay caused by Johnson's absence. The prejudice afforded to the prosecution is one factor a trial court should consider when determining whether remittance is appropriate. *Dorsey*, 2016-Ohio-3207 at ¶ 10, citing *Am Bail Bond Agency*, 129 Ohio App.3d at 712-713. Although the State did not present evidence at the hearing, the record shows that Johnson was a fugitive from November 8, 2017, until November 17, 2017. The record also shows that, following his medical furlough, another capias was issued on November 20, 2017. Johnson appeared on May 22, 2018, and the capias was withdrawn and a new bond was set. The original jury trial, scheduled for April 2, 2018, had been canceled due to Johnson absconding. Additionally, the record shows that although several hearings were scheduled regarding issues related to the bond forfeiture, neither Chuck Brown nor his counsel appeared at any hearings until after the bond was forfeited.

{¶19} "[W]hen considering a request for post-appearance bond remission pursuant to R.C. 2937.39, a trial court should balance the reappearance of the accused and the efforts expended by the surety to effectuate the reappearance against the inconvenience, expense, and delay suffered by the state and any other factors the court finds relevant." *State v. Jackson*, 153 Ohio App.3d 520, 2003-Ohio-2213, ¶ 9 (3d Dist.). Mr. Brown testified that he did not hire any recovery agents and instead "spent hours looking for [Johnson]" himself at addresses in Lorain and elsewhere. Mr. Brown did not state how many hours he expended nor did he state what, if

any, resources he used to attempt to locate Johnson. Mr. Brown did not directly respond to the State's question on cross-examination as to whether he "expended any funds[,]" replying instead, "[w]ell, they don't get paid until they catch somebody." Mr. Brown also stated that he learned Johnson was in the Cuyahoga County Jail from a third party and, to his knowledge, Johnson was apprehended by the sheriff's department. Thus, Chuck Brown was not instrumental in apprehending Johnson.

{¶20} Chuck Brown next contends that it is "fundamentally unfair" for the State to retain any of the bond because Johnson was in the custody of the Cuyahoga County Jail when the trial court entered judgment against Chuck Brown. In support of its argument, Chuck Brown cites to *Youngstown v. Durrett*, 7th Dist. Mahoning No. 09 MA 57, 2010-Ohio-1313. In *Durrett*, the Seventh District determined that a trial court's refusal to remit any of a forfeited bond was an abuse of discretion where several factors weighed in favor of remission, including that fact that the defendant had "reappeared, entered a plea, was sentenced, and released for time served" prior to the show cause hearing and entry of judgment. *Id.* at ¶ 27. Although the Seventh District considered these facts in the context of bond remission pursuant to R.C. 2937.39, it recognized that "[p]ursuant to R.C. 2937.36(C), production of the body of the defendant on the date or dates specified in the notice of default and adjudication of forfeiture constitutes a showing of good cause why judgment should not be entered against each surety of the defendant." *State v. Holmes*, 57 Ohio St.3d 11 (1991), syllabus; *Durrett* at ¶ 29.

{¶21} The circumstances of this case are distinguishable from *Durrett*. First, unlike the trial court in *Durrett*, the trial court in this case did not refuse to remit any of the forfeited bond. Rather, the trial court remitted $14,000.00 of the forfeited $20,000.00 bond to Chuck Brown. Second, the defendant in *Durrett* had reappeared, entered a plea, was sentenced, and released for

time served prior to the show cause hearing being held. In this case, Johnson did not appear at any of the scheduled show cause hearings, and this matter was still pending with an active capias for Johnson's arrest when the trial court entered judgment on Chuck Brown's motion to remit. Third, neither Chuck Brown nor his attorney appeared at any scheduled show cause hearing to present evidence of Johnson's incarceration or any other evidence to show cause why judgment should not have been entered against it. *See Berry*, 2014-Ohio-2715 at ¶ 11 ("In addition to 'production of the body of the accused,' one of the other ways to show good cause is to present evidence of the accused's incarceration.").

{¶22} As stated above, the circumstances of an accused's reappearance should be considered when determining whether remission of some or all of a forfeiture is appropriate. *Dorsey*, 2016-Ohio-3207 at ¶ 10, citing *Am Bail Bond Agency*, 129 Ohio App.3d at 712-713. As recognized above, Chuck Brown was not instrumental in securing Johnson's arrest. On appeal, Chuck Brown states that if the trial court had been timely notified of Johnson's incarceration, "there may likely have been no need for remission or this appeal." Chuck Brown does not explain how this notification should have occurred, and instead attempts to concede that "none of the parties were aware that [Johnson] was already in custody when the judgment was granted in March of 2018." A review of the transcript of the December 5, 2018 hearing, however, shows that Mr. Brown testified he became aware that Johnson was in the custody of the Cuyahoga County Jail prior to the show cause hearing, but that neither he nor his attorney notified the trial court until after the trial court had already entered judgment against Chuck Brown. The record does not contain any information as to when Johnson was arrested in Cuyahoga County.

{¶23} Finally, Chuck Brown argues that a strong mitigating factor is that Chuck Brown hired three different attorneys to represent it in the trial court and two of them "neglected their

responsibilities and failed to appear for hearings before the [trial c]ourt." Mr. Brown testified at the hearing that he does "look at the court dockets[,]" but after hiring an attorney, he did not "necessarily look at the dockets" and expected the attorney to keep him "abreast of what's going on." Nonetheless, a bail bondsman is presumed to have knowledge of the trial court's docket on the cases in which he has posted bond. *See State v. Barnes*, 6th Dist. Sandusky No. S-10-025, 2011-Ohio-799, ¶ 28, ("[A] surety has a duty to follow the progress of a defendant's case."), citing *State v. Stevens*, 30 Ohio St.3d 25, 27 (1987).

{¶24} Based on the foregoing, we conclude that Chuck Brown has not shown that the trial court abused its discretion when it granted its motion in part and ordered $14,000.00 of the $20,000.00 judgment be remitted. Therefore, Chuck Brown's assignments of error are overruled.

III.

{¶25} Chuck Brown's first, second, third, and fourth assignments of error are overruled.

Judgment affirmed.

——————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, P.J.
HENSAL, J.
CONCUR.

APPEARANCES:

MICHAEL J. KINLIN, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and DANIELLELA BEARDEN, Assistant Prosecuting Attorney, for Appellee.