[Cite as *State v. T.G-B.*, 2020-Ohio-4343.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

T.G-B.

    Defendant

and

AAA SLY BAIL BONDS

    Appellant

C.A. No.     19CA011556

APPEAL FROM JUDGMENT
ENTERED IN THE
ELYRIA MUNICIPAL COURT
COUNTY OF LORAIN, OHIO
CASE No.    2019CRB01315

DECISION AND JOURNAL ENTRY

Dated: September 8, 2020

CARR, Judge.

{¶1}    Appellant AAA Sly Bail Bonds appeals from the judgment of the Elyria Municipal Court. This Court reverses the judgment and remands the matter for further proceedings.

I.

{¶2}    In May 2019, Defendant T.G.-B. was charged with disorderly conduct intoxicated and underage possession or consumption of liquor. Bond was set at $1,230.00. AAA Sly Bail Bonds ("the Surety") and T.G.-B. signed a recognizance and the Surety posted $1.230.00. On May 22, 2019, T.G.-B. failed to appear for an arraignment hearing and a bench warrant was ordered. On June 10, 2019, an entry was journalized stating that the surety bond was forfeited. The trial court ordered the clerk to notify the bondsperson. The record contains a letter of the clerk

of court dated June 13, 2019, which states that the surety bond of T.G.-B. has been forfeited, and that, "[p]er Ohio Revised Code 2937.36, you are required to appear before the Judge to show cause on or before 7/13/2019 why a judgment should not be entered against you for the penalty stated in the recognizance in the amount of $1,230.00."

{¶3} The record contains a second letter from the clerk of court to the Surety dated July 15, 2019. That letter provides "[b]y your failure to appear for this show cause hearing, bond is considered forfeited. Please pay forfeited bond amount of $1,230.00 by 8/5/2019. If you fail to pay this amount by the above date, your bonding company and insurance company will no longer be able to post bond within our court['s] jurisdiction." The record contains a similar letter dated August 5, 2019. That letter informs the Surety that, "[i]n our letter dated 7/15/2019, we advised you the bail bond on the above case was forfeited and payment of $1,230.00 was to be made by 8/5/19. Since you chose to ignore our letter, you leave us no choice. We will no longer accept any bond posted by AAA Sly Bail Bonds or Lexington National Insurance Corporation. If your check is received in the very near future, we will reconsider our position on this matter."

{¶4} On August 7, 2019, the trial court issued a judgment entry providing in part that, "Surety has failed to make payment as ordered. Accordingly, Surety, AAA Sly Bail Bonds and its insurance company, Lexington National Insurance Company, are hereby suspended form posting bonds within the Court's jurisdiction."

{¶5} The Surety appealed. The Surety raises a single assignment of error for our review. T.G.-B. has not appealed or filed a brief in this appeal.

II.

## **ASSIGNMENT OF ERROR**

THE TRIAL COURT ABUSED ITS DISCRETION IN ITS JUDGMENT ENTRY DATED AUGUST 7, 2019 BECAUSE IT FAILED TO FOLLOW THE REQUIRED PROCEDURES FOR ENTERING JUDGMENT AGAINST A SURETY ON A FORFEITED BOND AS SET FORTH IN R.C. 2937.36(C).

{¶6} The Surety argues in its sole assignment of error that the trial court failed to comply with R.C. 2937.36(C) in entering judgment. We agree, albeit for slightly different reasons than that advanced by the Surety.

{¶7} Generally, a trial court's actions with respect to the forfeiture of a surety bond are reviewed for an abuse of discretion. *State v. Wade*, 9th Dist. Lorain No. 17CA011081, 2018-Ohio-2443, ¶ 9. However, "[t]his Court reviews a trial court's interpretation and application of a statute on a de novo basis because it presents [this Court] with a question of law." (Internal quotations and citations omitted.) *Id.*

{¶8} R.C. 2937.35 states, "[u]pon the failure of the accused or witness to appear in accordance with its terms the bail may in open court be adjudged forfeit, in whole or in part by the court or magistrate before whom he is to appear. But such court or magistrate may, in its discretion, continue the cause to a later date certain, giving notice of such date to him and the bail depositor or sureties, and adjudge the bail forfeit upon failure to appear at such later date." R.C. 2937.36(C) provides:

> Upon declaration of forfeiture, the magistrate or clerk of the court adjudging forfeiture shall proceed as follows: * * *
>
> As to recognizances the magistrate or clerk shall notify the accused and each surety within fifteen days after the declaration of the forfeiture by ordinary mail at the address shown by them in their affidavits of qualification or on the record of the case, of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice, and which shall be not less than forty-five nor more than sixty days from the date

of mailing notice, why judgment should not be entered against each of them for the penalty stated in the recognizance. *If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases.* The proceeds of sale shall be received by the clerk or magistrate and distributed as on forfeiture of cash bail.

(Emphasis added.)

{¶9} Here, the trial court concluded that the Surety failed to make payment as ordered, and, because of that, the trial court entered a judgment suspending the Surety from posting bonds in the trial court's jurisdiction. While the record contains a letter from the clerk instructing the Surety to pay the forfeited bond amount of $1,230.00, the record does not contain a judgment of the trial court ordering the Surety to do the same. R.C. 2937.36(C) expressly provides that, "[i]f good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases." The clerk of court does not have the authority to enter judgments. *See Dept. of Liquor Control v. Calvert*, 195 Ohio App.3d 627, 2011-Ohio-4735, ¶ 33 (6th Dist.). Nonetheless, the trial court treated the letter from the clerk of court as though it was the judgment required by R.C. 2937.36(C). Therefore, the trial court failed to comply with R.C. 2937.36(C). The trial court never issued a judgment entry ordering the Surety to pay the amount of the bond; yet the trial court penalized the Surety for failing to pay that amount. It is axiomatic that a court cannot penalize a party for failing to comply with a judgment that the court never issued.

{¶10} The Surety's assignment of error is sustained to the extent discussed above. Upon remand, the trial court must comply with the applicable dictates of R.C. 2937.36(C).

III.

{¶11} The Surety's assignment of error is sustained to the extent discussed above. The judgment of the Elyria Municipal Court is reversed, and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

CALLAHAN, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

DOUGLAS C. BOND and D. COLEMAN BOND, Attorneys at Law, for Appellant.

BRANDON G. OLIVER, Prosecuting Attorney, for Appellee.