**[Cite as *State v. C.L.*, 2021-Ohio-3396.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    20CA011699 |
| Appellee | |
| v. | |
| C.L. | |
| Defendant | |
| and | APPEAL FROM JUDGMENT ENTERED IN THE |
| T-BONDS | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No.    14CR090081 |

DECISION AND JOURNAL ENTRY

Dated: September 27, 2021

CALLAHAN, Judge.

{¶1}    Appellant, T-Bonds, appeals an order of the Lorain County Court of Common Pleas that forfeited bond.  This Court reverses.

I.

{¶2}    On August 11, 2014, C.L. was charged with one count of gross sexual imposition. He pleaded not guilty, and T-Bonds posted a $5,000 bond as surety to secure his appearance.  In October 2014, an indictment issued that charged C.L. with gross sexual imposition and assault. C.L. failed to appear for arraignment, and the trial court revoked his bond on December 2, 2014. The docket does not bear any indication that the clerk served notice of the forfeiture upon T-Bonds.

{¶3} Nothing further occurred in the case until March 29, 2019, when the State of Ohio moved to set a hearing on the forfeiture of C.L.'s bond, noting that C.L. remained at large. The certificate of service indicates that the motion was sent to counsel for T-Bonds. Five days later, the trial court journalized an order that scheduled a show cause hearing on April 15, 2019. The bottom of the order indicates that counsel for C.L. and the State were provided with a copy, but not counsel for T-Bonds. The docket does not bear indication that the clerk served notice of the forfeiture on T-Bonds at any point. Nonetheless, counsel for T-Bonds appeared on April 15, 2019, and requested a continuance, which the trial court granted. A second continuance was granted in August 2019 and, shortly thereafter, T-Bonds filed a brief addressing whether there was good cause for the bail not to be forfeited. In that brief, T-Bonds argued that the notice required by law had not been given, resulting in inability to locate C.L. Seven further continuances were granted so that T-Bonds could make further attempts to locate him. On November 2, 2020, with C.L. still at large, the trial court denied T-Bonds' final request for a continuance and heard arguments regarding forfeiture. On November 4, 2020, the trial court ordered the bond forfeited. T-Bonds filed this appeal.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED IN ENTERING JUDGMENT AGAINST THE SURETY IN VIOLATION OF R.C. 2937.36 AS NOTICE WAS NEVER GIVEN TO THE SURETY OF FORFEITURE.

{¶4} T-Bonds' first assignment of error argues that the trial court erred by forfeiting bond when notice of the forfeiture was never served in compliance with R.C. 2937.36(C). This Court agrees.

{¶5} Crim.R. 46 permits pretrial release subject to financial conditions in the form of unsecured bail bond, bail bond secured by a deposit, or a surety bond. Crim.R. 46(B)(1). "A surety bond is a contract in which the surety promises the court that it will pay a monetary penalty if the accused who is released on the bond posted by the surety fails to appear in court when ordered." *State v. Scherer*, 108 Ohio App.3d 586, 590 (2d Dist.1995). A surety does not have a duty to perform unless the accused fails to appear. *Id.* In the event of nonappearance, the surety can still be excused from payment if it demonstrates "good cause by production of the body of the accused or otherwise[.]" R.C. 2937.36(C). *See also Scherer* at 590-591. This Court generally reviews a trial court's determination that bond should be forfeited for an abuse of discretion, but we review the interpretation and application of R.C. 2937.36 de novo. *State v. T.G-B.*, 9th Dist. Lorain No. 19CA011556, 2020-Ohio-4343, ¶ 7. *But see State v. Dye*, 5th Dist. Fairfield No. 17 CA 00045, 2018-Ohio-4551, ¶ 34 (concluding that a trial court abused its discretion by entering judgment against a surety on a bond without meeting the relevant notice requirements).

{¶6} R.C. 2937.36(C)[1] governs the forfeiture of recognizance bonds, providing that

> [u]pon declaration of forfeiture, the magistrate or clerk of the court adjudging forfeiture *shall * * * notify the accused and each surety within fifteen days after the declaration of forfeiture by ordinary mail * * * of the default of the accused and the adjudication of forfeiture* and require each of them to show cause on or before a date certain to be stated in the notice, and which shall not be less than forty-five nor more than sixty days from the date of mailing notice, why judgment should not be entered against each of them for the penalty stated in the recognizance.

(Emphasis added.) The notice requirement in R.C. 2937.36(C) serves to provide the surety with time to locate the defendant before the show cause hearing and avoid a judgment. *Univ. Hts. v.*

---

[1] R.C. 2935.36 was amended in 2011. The time requirements now present in the statute were not contained in the previous version.

*Allen*, 8th Dist. Cuyahoga No. 107211, 2019-Ohio-2908, ¶ 17, quoting *State v. Lott*, 1st Dist. Hamilton No. C-130543, 2014-Ohio-3404, ¶ 15. "'The sweep of R.C. 2937.36(C) is broad enough to cover those situations where the surety is unaware of the non-appearance of the defendant-principal until the bond is forfeited. In those situations, the surety has a due process expectation of the notice and opportunity to show good cause provided for in R.C. 2937.36(C).'" *Allen* at ¶ 18, quoting *State v. Martin*, 2d Dist. Montgomery No. 21716, 2007-Ohio-3813, ¶ 22.

{¶7} In this case, the trial court journalized an order on December 2, 2014, that revoked C.L.'s bond upon his failure to appear. Under R.C. 2937.36(C), "the magistrate or clerk" was obligated to notify the surety of the forfeiture by ordinary mail within fifteen days, but it is undisputed that notice was not provided.[2] The use of the word "shall" indicates that this obligation was mandatory, not permissive. *See Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102 (1971), paragraph one of the syllabus. As the Supreme Court of Ohio has explained, "'"Shall" means must.' * * * And '[t]he word "must" is mandatory. It creates an obligation.'" *Wilson v. Lawrence*, 150 Ohio St.3d 368, 2017-Ohio-1410, ¶ 13, quoting *Application of Braden*, 105 Ohio App. 285, 286 (1st Dist.1957) and *Willis v. Seeley*, 68 N.E.2d 484, 485 (C.P.1946). Absent an expression of legislative intent that is clear and unequivocal from the language of the statute itself, this Court cannot construe R.C. 2937.36(C) as anything but mandatory. *See Dorrian* at 108 and paragraph one of the syllabus. *See also State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, ¶ 21-23.

---

[2] In addition, T-Bonds raised compliance with R.C. 2937.36(C) in writing shortly after the trial court ultimately scheduled a show cause hearing. T-Bonds' argument was timely asserted and has not been forfeited on appeal. *See generally State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, ¶ 10.

{¶8} Although it is apparent from the record that notice was not provided to T-Bonds in compliance with R.C. 2937.36(C), courts do not generally find error in connection with the forfeiture of bond without a showing of prejudice. In a case in which statutory notice of the forfeiture was not at issue, the Supreme Court of Ohio has concluded that "'[t]he good cause contemplated'" by a former version of R.C. 2937.36(C) "'goes to the presentation of good and sufficient reasons for the nonappearance, not to good and sufficient reasons why the surety could not locate the defendant.'" *State v. Ward*, 53 Ohio St.2d 40, 42 (1978), quoting *State v. Ward*, 3d Dist. Putnam No. 1-76-59, 1976 WL 189013, *3 (Dec. 22, 1976). When compliance with the statutory notice provisions is at issue, however, courts have also accounted for the surety's due process interest in receiving notice. Thus, in those circumstances, courts consider whether the surety "could have demonstrated good cause * * * had [it] received the statutory notice[.]" *See Dept. of Liquor Control v. Calvert*, 195 Ohio App.3d 627, 2011-Ohio-4735, ¶ 27 (6th Dist.). *See also State v. Jackson*, 1st Dist. Hamilton No. C-200153, 2021-Ohio-1646, ¶ 22; *State v. Wane*, 12th Dist. Butler Nos. CA2020-01-010, CA2020-01-011, CA2020-01-014, CA2020-01-015, 2020-Ohio-4874, ¶ 22. Although this Court would not suggest that the passage of time necessarily contributes to a demonstration of prejudice in every case, in this case—as T-Bonds noted in its argument before the trial court—the five-year delay hampered its ability to locate C.L. despite its efforts to find him in both Florida and Puerto Rico.

{¶9} In reaching this conclusion, this Court also emphasizes that it is incumbent upon sureties to remain abreast of court proceedings in cases in which they undertake to secure the appearance of the accused. Nonetheless, given the mandatory nature of R.C. 2937.36(C), the failure of notice over a period of five years, and the prejudice that T-Bonds suffered in this case,

this Court concludes that the trial court erred by ordering the bond forfeited absent compliance with the notification requirements of R.C. 2937.36(C).

{¶10} T-Bond's first assignment of error is sustained.

**ASSIGNMENT OF ERROR NO. 2**

THE TRIAL COURT ERRED IN ENTERING JUDGMENT AGAINST THE SURETY IN VIOLATION OF R.C. 2937.36 AS A SHOW CAUSE HEARING WAS NOT SET WITHIN FORTY-FIVE TO SIXTY DAYS OF NOTICE TO THE SURETY.

{¶11} T-Bonds' second assignment of error argues that the trial court erred by entering judgment forfeiting the bond after failing to conduct a show cause hearing within the timeframe provided by R.C. 2937.36(C). In light of this Court's resolution of T-Bonds' first assignment of error, the second assignment of error is moot. *See* App.R. 12(A)(1)(c).

III.

{¶12} T-Bonds' first assignment of error is sustained. The second assignment of error is moot. The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

SUTTON, J.
CONCURS.

CARR, P.J.
DISSENTING.

{¶13} I respectfully dissent from the judgment of the majority. On appeal, T-Bonds raises issues concerning whether the trial court complied with the timing requirements in R.C. 2937.36. However, T-Bonds has failed to demonstrate that it was prejudiced by any errors made by the trial court. *See State v. Patel,* 9th Dist. Summit No. 24024, 2008-Ohio-4692, ¶ 55 (noting it is the duty of the appellant to demonstrate error on appeal); *see also State v. Ward*, 53 Ohio St.2d 40, 42 (1978). As to the first assignment of error, T-Bonds has made no argument or showing that it was prejudiced by any failure to follow the statutory requirements. With respect to the second assignment of error, T-Bonds fails to point to anything in the record demonstrating that it was actually prejudiced by the lack of compliance with the statutory requirements. Instead, it offers conclusory assertions and policy reasons for the timing requirements. Accordingly, I would conclude that T-Bonds failed to meet its burden on appeal to demonstrate prejudice, especially regarding the showing of good and sufficient reasons for C.L.'s nonappearance.

APPEARANCES:

GIOVANNA V. BREMKE, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.