[Cite as *State v. Williams*, 2025-Ohio-2288.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

    v.

JOSEPH A. WILLIAMS

    Defendant

    and

SLY BAIL BONDS

    Appellant

C.A. No.    2024CA0074-M

APPEAL FROM JUDGMENT
ENTERED IN THE
MEDINA MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
CASE No.    23CRB00575

DECISION AND JOURNAL ENTRY

Dated: June 30, 2025

---

CARR, Judge.

{¶1} Appellant Sly Bail Bonds appeals from the judgment of the Medina Municipal Court. This Court reverses and remands the matter for proceedings consistent with this decision.

I.

{¶2} Defendant Joseph Williams was initially charged with three misdemeanors in Brunswick Mayor's Court. From the record, it appears that David Toth, as an agent for Sly Bail Bonds, posted a surety bond of $1,045.00 for the recognizance of Williams. The matter was transferred to Medina Municipal Court in May 2023.

{¶3} Over the course of the proceedings, Williams failed to appear several times and other individuals also posted additional bonds. On March 11, 2024, Williams failed to appear for

a change of plea hearing and a bench warrant was issued. A summons was issued notifying Williams of a surety bond forfeiture hearing to be held June 14, 2024. While the filing was sent to Mr. Toth, it was returned as attempted, not known. At the hearing, neither Williams nor any agent of the surety appeared. The trial court noted that it appeared that the notice was sent to the wrong address and ordered the matter to be reset. Another summons was issued June 18, 2024, notifying Williams that a surety bond forfeiture hearing would take place July 31, 2024. The filing appears to have again been sent to Mr. Toth; however, it was returned as not deliverable as addressed. On July 12, 2024, the bench warrant was recalled and cancelled after Williams was arrested and appeared before the trial court.

{¶4} On July 31, 2024, the surety bond forfeiture hearing was held. The trial court initially stated that no one was present on behalf of Williams or the surety. The State then corrected the trial court and indicated that, "Oh this looks like I guess Joseph Williams is here, the Defendant." The trial court noted that the matter had been set twice for hearing, service had been corrected, and yet, the surety had not appeared. The trial court stated that it would take the matter under submission and would issue a judgment entry.

{¶5} On August 1, 2024, the trial court issued a judgment against the surety for the sum of $5,000. Sly Bail Bonds has raised four assignments of error for our review, which will be addressed out of sequence and/or consolidated to facilitate our analysis. The State has not filed a brief in this appeal. *See* App.R. 18(C).

II.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION BY ENTERING JUDGMENT AGAINST THE APPELLANT-SURETY IN ITS AUGUST 1, 2024 JUDGMENT ENTRY, BECAUSE GOOD CAUSE WAS SHOWN BY THE APPELLANT-SURETY PURSUANT TO R.C. 2937.36(C), AS THE DEFENDANT WAS

ARRESTED AND RETURNED TO THE TRIAL COURT'S CUSTODY AS OF JULY 12, 2024.

{¶6} Sly Bail Bonds argues in its second assignment of error that the trial court abused its discretion in entering judgment against Sly Bail Bonds in light of Williams' arrest on July 12, 2024, and appearance before the trial court.

{¶7} "Generally, a trial court's actions with respect to the forfeiture of a surety bond are reviewed for an abuse of discretion. However, [t]his Court reviews a trial court's interpretation and application of a statute on a de novo basis because it presents [this Court] with a question of law." (Internal quotations and citations omitted.) *State v. T.G.-B.*, 2020-Ohio-4343, ¶ 7 (9th Dist.).

{¶8} "[W]here a surety bond serves as a recognizance, it is a contract in which the surety promises the court that it will pay a monetary penalty if the accused who is released on the bond posted by the surety fails to appear in court when ordered." (Internal quotations and citations omitted.) *State v. Johnson*, 2020-Ohio-55, ¶ 12 (9th Dist.). "If a defendant fails to appear in court when ordered, a trial court may order the bail forfeited in whole or in part." *Id.*, citing R.C. 2937.35.

{¶9} R.C. 2937.36(C) provides in relevant part:

Upon declaration of forfeiture, the magistrate or clerk of the court adjudging forfeiture shall proceed as follows:

. . .

As to recognizances the magistrate or clerk shall notify the accused and each surety within fifteen days after the declaration of the forfeiture by ordinary mail at the address shown by them in their affidavits of qualification or on the record of the case, of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice, and which shall be not less than forty-five nor more than sixty days from the date of mailing notice, why judgment should not be entered against each of them for the penalty stated in the recognizance. If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture,

and shall award execution therefor as in civil cases. The proceeds of sale shall be received by the clerk or magistrate and distributed as on forfeiture of cash bail.

{¶10} Accordingly, the Supreme Court has stated that, "timely production of the body of the defendant constitutes a showing of good cause why a forfeiture judgment may not be entered against a surety. This determination comports with the purpose of bail which is to ensure the appearance of a defendant." *State v. Holmes*, 57 Ohio St.3d 11, 14 (1991). "Ohio appellate districts have followed the *Holmes* holding consistently." *State v. Lambert*, 2025-Ohio-208, ¶ 28 (5th Dist.). "It makes no difference whether the defendant appears as the result of the efforts of the surety or law enforcement." *Id.* at ¶ 29, citing *Toledo v. Hunter*, 2009-Ohio-6985, ¶ 10 (6th Dist.). This is so even if the surety fails to appear at the show cause hearing or fails to file a motion prior to the show cause hearing explaining why there was good cause to deny the bond forfeiture. *Lambert* at ¶ 30.

{¶11} Here, Williams was arrested on July 12, 2024, and appeared before the trial court. In addition, it appears from the transcript of the hearing that Williams appeared at the July 31, 2024 show cause hearing. Accordingly, the trial court abused its discretion in entering judgment against Sly Bail Bonds. *See id.* at ¶ 27-32; *Holmes* at 14.

{¶12} Sly Bail Bonds' second assignment of error is sustained.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION IN ITS JUDGMENT ENTRY DATED AUGUST 1, 2024, BECAUSE IT ENTERED JUDGMENT AGAINST THE APPELLANT-SURETY IN AN AMOUNT GREATER THAN THE PENAL SUM OF THE SURETY BOND POSTED BY APPELLANT-SURETY.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ABUSED ITS DISCRETION BY ENTERING JUDGMENT AGAINST THE APPELLANT-SURETY IN ITS AUGUST 1, 2024 JUDGMENT ENTRY, BECAUSE THE TRIAL COURT FAILED TO SEND NOTICE

REQUIRED BY R.C. 2937.36(C), WITHIN 15 DAYS OF THE FAILURE TO APPEAR ON MAY 22, 2023.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT ABUSED ITS DISCRETION IN ITS JUDGMENT ENTRY DATED AUGUST 1, 2024 BECAUSE IT FAILED TO HOLD A BOND FORFEITURE SHOW CAUSE HEARING AS REQUIRED BY R.C. 2937.36(C).

{¶13} Sly Bail Bonds argues in its remaining assignments of error additional reasons why the trial court abused its discretion in ordering judgment against Sly Bail Bonds. In light of this Court's determination as to Sly Bail Bond's second assignment of error, the remaining assignments of error have been rendered moot, and we decline to address them. *See* App.R. 12(A)(1)(c).

III.

{¶14} Sly Bail Bonds' second assignment of error is sustained. The remaining assignments of error are moot. The judgment of the Medina Municipal Court is reversed, and the matter is remanded for proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
DONNA J. CARR
FOR THE COURT


STEVENSON, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

JONATHAN J. BOND, Attorney at Law, for Appellant.

J. MATTHEW LANIER, Attorney at Law, for Appellee.