**[Cite as *State v. Goodwin*, 2025-Ohio-4544.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

    v.

DOMINIQUE MJ GOODWIN

    Defendant

    and

SLY BAIL BONDS

    Appellant

C.A. Nos.    2024CA0065-M
                2024CA0066-M

APPEAL FROM JUDGMENT
ENTERED IN THE
MEDINA MUNICIPAL COURT
COUNTY OF MEDINA, OHIO
CASE Nos.    16TRC05158
                16CRB01225

DECISION AND JOURNAL ENTRY

Dated: September 30, 2025

CARR, Judge.

{¶1} Appellant Sly Bail Bonds appeals the judgment of the Medina Municipal Court. This Court reverses and remands the matter for proceedings consistent with this decision.

I.

{¶2} In September 2016, two separate complaints in two separate cases were filed against Defendant Dominque Goodwin in Medina Municipal Court. One was a traffic case, and the other was a criminal case. In August 2019, Sly Bail Bonds, via David Toth, posted a surety bond for the recognizance of Goodwin in the amount of $10,000 in the traffic case and one in the amount of $5,000 in the criminal case.

{¶3}     In December 2019, after Goodwin failed to appear, a bench warrant was issued in both cases, and a new bond was set for $7,500 total.  The docket indicates that the existing bond was not to be forfeited.

{¶4}     Goodwin was arrested in November 2022, and the bench warrant was recalled and cancelled.  Another individual posted bond for Goodwin.  When Goodwin failed to appear for a November 29, 2022 sentencing hearing, another bench warrant was issued.

{¶5}     A May 1, 2024 docket notation states "12/17/19 docket entry order not to forfeit bond is hereby vacated.  Forfeit bond pursuant to law."  (Emphasis omitted.).  On May 2, 2024, a summons addressed to Goodwin was issued indicating that a surety bond forfeiture hearing would take place June 14, 2024.  The cc field includes Mr. Toth and Sly Bail Bonds.  On May 10, 2024, in the traffic case only, Sly Bail Bonds filed a motion to release it from Goodwin's bond.  Therein, Sly Bail Bonds argued that the procedures set forth in R.C. 2937.36(C) were not followed.  Specifically, Sly Bail Bonds asserted that it was required to receive notice within 15 days of December 17, 2019, or November 29, 2022, occasions when Goodwin failed to appear.  The trial court denied the motion.

{¶6}     In June 2024, Sly Bail Bonds filed a motion to continue the bond hearing.  The matter was continued until July 1, 2024.  Sly Bail Bonds appeared at the hearing and Mr. Toth provided testimony for Sly Bail Bonds.  Goodwin did not appear.  The trial court issued a judgment entry on July 3, 2024.  The trial court concluded that good cause had not been shown to excuse Sly Bail Bonds of its surety obligations and reaffirmed that the motion for release was denied.  The trial court ordered a judgment of forfeiture in the amount of $10,000 in the traffic case and $5,000 in the criminal case.

{¶7} Sly Bail Bonds moved to stay the judgment pending appeal, which the trial court granted. Sly Bail Bonds has appealed the judgment in both cases, and the appeals were subsequently consolidated. Sly Bail Bonds raises three assignments of error for our review. The State has not filed a brief in this appeal. *See* App.R. 18(C).

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN ENTERING JUDGMENT AGAINST THE APPELLANT-SURETY AS THE TRIAL COURT FAILED TO FOLLOW R.C. 2937.35 IN ITS DECLARATION OF FORFEITURE ON MAY 1, 2024.

{¶8} Sly Bail Bonds argues in its first assignment of error that the trial court failed to comply with R.C. 2937.35. Specifically, Sly Bail Bonds asserts that when Goodwin failed to appear on December 17, 2019, the trial court was required to either forfeit the bond or continue the matter to a date certain, and the trial court did neither. Further, Sly Bail Bonds maintains that, as Goodwin was not scheduled to appear on May 1, 2024, the trial court lacked authority under R.C. 2937.35 to declare the bond forfeited.

{¶9} "Generally, a trial court's actions with respect to the forfeiture of a surety bond are reviewed for an abuse of discretion. However, [t]his Court reviews a trial court's interpretation and application of a statute on a de novo basis because it presents [this Court] with a question of law." (Internal quotations and citations omitted.) *State v. T.G.-B.*, 2020-Ohio-4343, ¶ 7 (9th Dist.).

{¶10} "[W]here a surety bond serves as a recognizance, it is a contract in which the surety promises the court that it will pay a monetary penalty if the accused who is released on the bond posted by the surety fails to appear in court when ordered." (Internal quotations and citations omitted.) *State v. Johnson*, 2020-Ohio-55, ¶ 12 (9th Dist.). "If a defendant fails to appear in court

when ordered, a trial court may order the bail forfeited in whole or in part." *Id.*, citing R.C. 2937.35.

**{¶11}** Specifically, R.C. 2937.35 states:

Upon the failure of the accused or witness to appear in accordance with its terms the bail may in open court be adjudged forfeit, in whole or in part by the court or magistrate before whom he is to appear. But such court or magistrate may, in its discretion, continue the cause to a later date certain, giving notice of such date to him and the bail depositor or sureties, and adjudge the bail forfeit upon failure to appear at such later date.

**{¶12}** Accordingly, the statute offers trial courts two options when a defendant fails to appear. *See id.* The trial court can order the bail forfeited. *Id.* If the trial court does not order an immediate forfeiture on the date the defendant fails to appear, then the trial court is required to continue the matter to specific date and give notice to the defendant and to the surety of that date. *Id.* The trial court cannot hold the matter of forfeiture in limbo.

**{¶13}** Here, in December 2019, the trial court failed to comply with R.C. 2937.35 as it did not avail itself of either option. In fact, the trial court did not order forfeiture until years later, in May 2024. Further, from review of the record, there does not appear to be a specific event triggering that forfeiture; the most recent docket entry prior to the order of forfeiture was dated October 2023.

**{¶14}** Moreover, as Sly Bail Bonds demonstrated at the hearing, it was prejudiced by the trial court's failure to comply with R.C. 2937.35. *See State v. C.L.*, 2021-Ohio-3396, ¶ 8 (9th Dist.). There was testimony that the phone numbers that Sly Bail Bonds had for Goodwin, the co-signer, and the references were disconnected, and that those individuals had moved from the addresses that Sly Bail Bonds had on file. Online searches were also unsuccessful. Further, it is notable that Goodwin also had two felony cases in Cuyahoga County, one in 2019, and one in 2022, for which she received community control. Thus, there was a possibility that Goodwin may

have been easier to locate while she was on community control. However, her term of community control terminated early in 2024.

{¶15} Because the trial court failed to comply with R.C. 2937.35, and Sly Bails Bonds was prejudiced by that failure, we sustain Goodwin's first assignment of error.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN ENTERING JUDGMENT AGAINST THE SURETY IN VIOLATION OF R.C. 2937.36 AS PROPER NOTICE WAS NOT GIVEN TO APPELLANT-SURETY OF THE FAILURE TO APPEAR.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN ORDERING APPELLANT-SURETY TO PAY $15,000.00 WHERE THE TRIAL COURT UNILATERALLY DECLARED FORFEITURE AFTER A SUBSEQUENT BOND HAD BEEN POSTED AND FORFEITED.

{¶16} Sly Bail Bonds argues in its second assignment of error that the trial court erred in entering judgment against it as the trial court failed to comply with R.C. 2937.36. Sly Bail Bonds asserts in its third assignment of error that the trial court erred in entering judgment against it when the trial court violated a provision of the Ohio Administrative Code by "stacking bonds[.]"

{¶17} We decline to address Sly Bail Bonds' remaining assignments of error as they have been rendered moot. *See* App.R. 12(A)(1)(c).

### III.

{¶18} Sly Bail Bonds' first assignment of error is sustained. The remaining assignments of error are moot. The judgment of the Medina Municipal Court is reversed, and the matter is remanded for proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
DONNA J. CARR
FOR THE COURT

STEVENSON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

JONATHAN J. BOND, Attorney at Law, for Appellant.

J. MATTHEW LANIER, Attorney at Law, for Appellee.